Commonwealth v. Berry.

CASE 77—PETITION ORDINARY—April 10.

# Commonwealth v. Berry.

APPEAL FROM FRANKLIN CIRCUIT COURT.

95  443
103  514

95  443
e131  531

RELEASE OF SURETY IN SHERIFF'S REVENUE BOND.—Where a sheriff, upon motion of two of several sureties in his revenue bond, was required to execute an additional bond, the surety in the new bond had the right to suppose that the sureties in the original bond, other than those who had made the motion to be released, would be bound with him, there being nothing either on the face of the bond or in the records of the county court to vitiate the bond; and it turning out that those sureties were not bound because of the violation of an agreement made in open court that the bond was not to be finally

Commonwealth v. Berry.

approved until certain other persons had signed as sureties, the surety
in the new bond is also not bound, the facts which operated to release
the other sureties not being disclosed by the officer taking the bond.

WM. J. HENDRICK, Attorney-General, and R. REID ROGERS
FOR APPELLANT.

While to a certain extent the county court in receiving and approving a
statutory bond must be held to an exercise of reasonable prudence
and care, and the sureties have a right to presume that where the
facts are sufficient to suggest inquiry concerning the proper execution
of a bond the inquiry will be made, yet it is not incumbent on the
county court to go out of the way and, in the self-appointed capacity
of protector of the latter's interest, advise a surety of facts which he
must already be presumed to know. (Berry v. Franklin County, 12
Ky. Law Rep.; Brandt on Suretyship and Guaranty, 408; Murfree
on Official Bonds, 659; Whitaker v. Crutcher, 5 Bush, 623; Hall v.
Smith, 14 Bush, 604.)

WM. LINDSAY and JNO. W. RODMAN FOR APPELLEE.

The failure of the county judge to disclose to appellee the agreement with
Smith and Anderson and its breach by him, resulting in their release,
operates to release appellee. It is the duty of an officer taking an
official bond to disclose to the sureties facts within his knowledge
materially affecting the risk. (Rawlings v. U. S., 4 Cranch, 219;
Chamberlain & Tapp v. Brewer, 3 Bush, 562; Hall v. Smith, 14 Bush,
604; Bracken County v. Daum, 84 Ky., 388; 1 Story's Eq., sec. 215;
Graves v. Bank, 10 Bush, 30; White & Tudor's Leading Cases in
Equity, vol. 2, p. 707; Commonwealth v. Yarbrough, 84 Ky., 501.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The State revenue bond of Hawkins, sheriff of Frank-
lin County, dated December 11, 1880, and conditioned for
the faithful collection of the State revenue for the ensuing
year and the payment of same to the persons entitled to
receive it, was signed by said sheriff and by John W.
Jackson, Peter Smith, William Anderson and R. D.
Armstrong as his sureties. By an order of the Franklin
County Court, at its December term, December 20, 1880,
this bond was filed and approved by the presiding judge
of the court. On June 6th thereafter, in pursuance of
notices given by Armstrong and Jackson, two of the

sureties, the court required Hawkins to execute an additional bond on behalf of the State revenue, and providing indemnity for those making the motion to be released.

The appellee, by his attorney in fact, signed this additional or new bond as one of the sureties thereon, and upon Hawkins being sued upon it and the original bond, he pleaded that he was not bound by reason of a defect in the power of attorney. He succeeded below, but this court held the power of attorney sufficient. (See Commonwealth v. Hawkins, &c., 83 Ky., 246.) In the meantime, Smith and Anderson, the two sureties who had not taken any steps for indemnity, but who supposedly remained bound with Berry for the acts of Hawkins, filed their separate answers to the effect that when they signed the bond of December 11, 1880, the names of Henry Smith and W. A. Moore were in the body of it, and by agreement in open court the bond was not to be finally accepted or approved until these persons signed it, as well as G. W. Craddock, Wm. Risk and Thomas Scott, whose names were not in the body of it, but that in violation of the agreement with the presiding judge and in defiance of the express conditions upon which, in open court, they had signed the bond, the court had subsequently and without their knowledge accepted and approved it.

Upon the return of the case from this court, Berry set up, by amended answer, the facts developed by the answers of his co-defendants, Smith and Anderson, and claimed that the contract he had undertaken was to take the place of the dissatisfied sureties, Armstrong and Jackson, and stand bound for any default of Hawkins, in conjunction with Smith and Anderson, and that as by the act of

the court the latter were released, he also was released. The demurrer of the Commonwealth to this amended answer was overruled by the lower court, and the State declining to plead further, the proceeding was dismissed as to Berry. From this judgment the Commonwealth has appealed.

The answers of Smith and Anderson, filed in February, 1883, setting up the facts pertaining to the execution of the bond of December 11, 1880, and its wrongful acceptance and approval, have never been replied to by the Commonwealth or denied in any form. It appears to be conceded that the plaintiff can not recover from these sureties, but it is manifest that but for the wrongful acceptance and approval of this bond, Smith and Anderson would have remained bound, in conjunction with those signing the new bond, for the default of Hawkins on the revenue bond for 1881. They took no steps to be relieved of any liability, and the court's order of acceptance and approval gave no intimation to Berry that the signers were only conditionally bound. We think Berry had the right to rely on this order accepting and approving the bond as indicating that although Jackson and Armstrong· might get off upon their motion to that effect, yet that Smith and Anderson still remained bound in conjunction with him. This order of acceptance and approval was of record and showed for itself, but had he looked up the bond, he would still not have been put upon guard, for while incomplete, yet, subsequently to its date, it had been finally accepted and approved by the court, and there was nothing to show that this had been done in violation of an agreement that it was not to be so executed. There was nothing in the record or on the face of the bond to vitiate it. The records showed Smith and Anderson

bound in June, 1881, when Berry acted, and he was entitled to know of the conditions, which, as later developments show, operated to release them.

If to the officer acting for the State, any facts were known which materially affected Berry, was he not entitled to know them?   The case is thus aptly put by counsel for the appellee :   It is manifest that the contract the Commonwealth is seeking to enforce is not the one that Berry intended to make or believed he had made.   The contract sought to be enforced is an undertaking by Berry to answer for the default of Hawkins without regard to the joint liability of Smith and Anderson, who confessedly are not liable with him.   The contract he intended to make and suppossd he had made, and the contract as *prima facie* evidenced by the county court records, was that, in conjunction with Smith and Anderson, he (Berry) would answer for the default of Hawkins.

Upon abundant authority, the sureties Smith and Anderson seem to have been discharged from liability by the action of the county court (see recent case of Commonwealth v. Magoffin, &c., 15 Ky. Law Rep., 775), and if so, that action or agreement should have been divulged to the surety.   Mr. Story thus puts it: "Thus if a party taking a guaranty from a surety conceals from him facts which go to increase his risk, and suffers him to enter into contract under false impressions as to the real state of facts, such concealment will amount to a fraud, because the party is bound to make the disclosure, and the omission to make it under such circumstances is equivalent to an affirmation that the facts do not exist." (1 Story's Equity Jurisprudence, sec. 215; Graves v. The Lebanon National Bank, 10 Bush, 23.)

Judgment affirmed.