CHLOE DAVENPORT and others *Ex parte*.

A. devised as follows: "I give to Chloe D. and husband, and Catherine H. and husband, and Alfred D. and wife, * * *, &c., my tract of land called * * *, &c. The said Chloe and husband, and Catherine and husband, and Alfred and wife to hold their part of said land during their lives, and then to their children:" *Held*, That only the children of Catherine H., begotten by Henry H., the children of Chloe D., begotten by David D., and the children of Alfred D., by his then wife, were entitled under the will, and not the children of said parties generally.

APPEAL from the judgment of the Superior Court, MOORE, J., presiding, construing the last will and testament of W. D. Davenport, deceased.

This was a petition for partition and the only question decided in this Court was upon the construction of the tenth clause of the will which reads as follows: "I give to my daughter Chloe Davenport and husband, and Catherine Harrell and husband, Alfred Davenport and wife, William A. Davenport's children, Samuel Davenport's children, my granddaughter Mary Ann Ward, Mary Amanda Spruill, wife of Charles Norman, my tract of land called the the Jas. Chesson land, in the Ben. Spruill patent. The said Chloe and husband, and Catherine and husband, and Alfred and wife to hold their parts of said land during their lives and then to go to their children. The children of the said William to take and have one share between them, and the said

children of the said Samuel to take and hold one share between them, the said Mary Ann to have one share and the said Mary Amanda to have one share."

At the date of the said will and at the decease of the testator, Alfred Davenport was married to Penelope Steelman. He died in 1864 leaving him surviving as issue of said marriage the petitioners, William C. Davenport and Angelica, wife of Henry L. Barnes, and three other children, the issue of a former marriage, who have by deed assigned their interest in said land to the petitioner Thomas J. Basnight.

The Court held that only the children of Catherine Harrell begotten by Henry Harrel, the children of Chloe Davenport begotten by David Davenport, and the children of Alfred Davenport by his wife Penelope, are entitled under said clause, and not the children of Catherine, Chloe and Alfred, generally.

From this decision Thomas J. Basnight appealed.

*Gilliam & Pruden,* for the appellant.
No counsel *contra* in this Court.

SETTLE, J. This is an appeal by Thomas J. Basnight and wife from the judgment following the construction which his Honor Judge MOORE has placed upon the tenth clause of the last will and testament of W. D. Davenport. The language of this clause, (which the Reporter will set forth in full,) is too plain to admit of any other construction than that which his Honor has placed upon it, to-wit : "That only the children of Catherine Harrell begotten by Henry Harrell, the children of Chloe Davenport begotten by David Davenport, and the children of Alfred Davenport by his wife Penelope are entitled, and not the children of the said Catherine, Chloe and Alfred generally."

This being so, the decision of the other questions growing out of the changed circumstances by death, assignment of

12

interest, &c., follow as a matter of course, and we fully con-cur with his Honor in all the conclusions at which he has arrived.

Judgment affirmed.   Let this be certified, &c.

PER CURIAM.                              Judgment affirmed.