# Richmond.

## STIGLER'S EX'X AND ALS. V. STIGLER AND ALS.

### February 15th, 1883.

1. VOLUNTARY CONVEYANCES, &c.—*Life policies.*—Under Code 1873, ch. 114, § 2, so far as the means of insured are withdrawn from creditors to pay premiums, they are entitled out of the proceeds of policy to have the sums so paid, applied to their claims.
2. *Quære.*—Whether steps must be taken within five years to avoid such payments.
3. LIFE POLICY—*Construction.*—By his first wife insured has one child, and by his last, five children. He insured his life for $5,000 "for the benefit of his wife and their children." The widow and the children had received those proceeds, leaving debts of the decedent unpaid.

HELD:

> The child by the first, as well as the children by the last wife, is entitled to share the proceeds of the policy, and having received their shares, they and the widow must contribute (to the extent of the premiums paid by the insured) ratably to the payment of those debts.

4. GUARDIANS.—A father was guardian of his child, and had in his hands funds of his ward, the interest whereof the court authorized him to apply to the ward's maintenance and education; but he was able to maintain and educate his child out of his own means, and there is nothing to show that he, for that purpose, used the ward's funds; no allowance will be made for such maintenance and education after the guardianship has terminated.

Appeal from decree of corporation court of the city of Lynchburg, rendered 8th August, 1878, on cross-bill of Florence Stigler, filed in the suit of James M. Booker and Joseph Stigler against Stigler's executrix. The decree being in favor of the complainant on her cross-bill, the defendants therein, Marion Stigler, widow and executrix of James A. Stigler, deceased,

Thomas T. Munford, guardian of John R. Stigler, Joseph A. Stigler, Fannie Stigler, and Benjamin Stigler, infant children of James A. Stigler, deceased, and Samuel D. Preston, guardian *ad litem* and next friend of the said infants, obtained an appeal to this court.    Opinion states the facts.

*Edward S. Brown,* for the appellants, argued that—

I. Proceeds of policies for the benefit of the wife and children of the insured are not assets of his estate.

II. If husband with second wife insure for benefit of "his wife and *their* children," his child by former marriage is not a beneficiary.

III. If a solvent person insure for the benefit of his wife and children, and die insolvent, his creditors cannot require the beneficiaries to pay from the proceeds of the policies an amount equivalent to the premiums which he paid.

IV. The executor who uses his own money in paying the testator's debts should be refunded out of the assets of the estate.

V. Rents accruing between the death of the testator and a decree for sale of his lands go to his devisees.

VI. When one court has appropriated the income of the ward to her education and support, it is not competent for another court to exclude this disbursement from the guardian's account.

*Thomas J. Kirkpatrick,* for the appellees.

LEWIS, P., delivered the opinion of the court.

On the 5th day of April, 1858, the Mutual Benefit Life Insurance Company, incorporated under the laws of the state of New Jersey, insured the life of James A. Stigler, of Lynchburg, for the benefit of his wife, in the sum of $2,000.    And on the 17th day of November, 1866, the Ætna Life Insurance Company, incorporated under the laws of Connecticut, insured the

life of the said Stigler "for the benefit of his wife and their children" in the sum of $5,000. Policies in both cases were duly executed and delivered to the insured, who regularly paid the premiums thereon until his death, which occurred in October, 1874. He died leaving a small estate, real and personal, which, by his will, he devised and bequeathed as therein directed.

He was twice married, and by both wives had children. By his first wife he had two children, for whom he qualified as guardian in 1857. In that year he received as their guardian, under a decree of the circuit court of Amherst county, the sum of $573.62⅔, the proceeds of the sale of certain real estate inherited by them from their mother, which, by the decree of that court, he was directed to invest in the bonds of the Orange and Alexandria Railroad Company, the semi-annual interest thereon to be applied to their education and support, but the principal to be held as real estate until the further order of the court.

One of the wards afterwards died, whose interest was inherited by the survivor, who survives her father. It does not appear that the investment was made as directed by the court, or that any accounts were settled or kept by the father as guardian of the children.

By his last wife he had five children, who, with their mother, are now living. The widow qualified as executrix of the will, but made no settlement of the estate until after the institution of this suit.

The suit was brought in the court below by certain creditors of the estate, for the purpose of having the estate settled and their debts paid. In the progress of the cause a cross-bill was filed by Florence Stigler, the surviving child by the first marriage, to which the widow and her children and the guardian of her infant children were made parties defendants. She alleged that within a few days prior to the filing of the bill she had ascertained for the first time that her father had been the guardian of herself and her deceased sister. She represented

herself to be an unfortunate and ignorant person, unaccustomed to the transaction of business, and one who had been an object of great solicitude to her father in his lifetime. She charged that after his death a settlement of the life policies was procured, and that the proceeds thereof had been divided among the widow and the children in a manner utterly different from that directed by his will. She insisted upon the facts averred in the bill, that the legacy left her in the will was not intended as a satisfaction of her father's indebtedness to her as her guardian, and that neither of the policies, although taken out by him in the name of the wife in the one case, and for the benefit of the wife and their children in the other, was not a consummated gift, but remained as his own property; that until his death they were in his possession and under his control; that he paid all the premiums and charges thereon, and that they passed to his legatees as directed by his will. A copy of the will was filed with the bill, from which it appears that the money to be collected on account of the insurance policies was disposed of as follows: One thousand dollars to be invested in good stocks or bonds for the benefit and support of his daughter, Florence, any portion of it remaining at her death to be equally divided among his children then living. Four thousand dollars to be in like manner invested for the sole and separate use of his wife, any or all of such stocks or bonds to be sold if necessary for her support, and such as might remain at her death to be equally divided among his children. The remainder was bequeathed to the wife absolutely.

In the will is this provision: "Owing to the severe affliction of my daughter, Florence Stigler, I affectionately request that my wife shall take especial care of her, as she is incapable of taking proper care of herself, and will need a mother's care and oversight, confidently believing that I leave her in safe hands."

After the testator's death, the insurance policies were collected, and the proceeds distributed as follows: The proceeds of

the first were paid to the widow; the proceeds of the last and larger policy were divided equally among her and the children, including Florence. The share of the latter was deposited in bank, in the city of Lynchburg, and an interest-bearing certificate, payable to her, taken therefor, but without her knowledge or consent. Subsequently it was withdrawn from bank and held by the widow.

Both the widow and the guardian of the infant children answered the bill. The answer of the former, so far as it is material to be noticed, averred that until the filing of the cross-bill, the respondent had no intimation from any source that the estate of her testator was in any way indebted to the complainant, and that she herself had no knowledge on the subject. She admitted that the insurance policies had been collected, and the proceeds distributed as already stated, and insisted that the distribution was just and proper.

The guardian, in his answer, insisted that the distribution of the proceeds of the larger policy was not made in accordance with the rights of the parties; that it was taken out by the testator for the benefit of his wife (the widow) and their children, and that the complainant in the cross-bill being a child by a former marriage, was not included within its terms. He denied that the proceeds of the policy were assets of the testator's estate, and insisted that the share paid to the complainant should be decreed to be returned by her to the beneficiaries named in the policy.

The case was referred to a commissioner to take the proper accounts, including an account of the transactions of James A. Stigler as guardian of his children by his first wife, and an account of all moneys received on account of the insurance policies on his life.

The accounts directed were duly taken and returned. In making up the guardian account the commissioner made alternate statements. In the one, no interest was charged against the estate of the guardian on the principal sum received by him

for his wards in 1857; in the other, compound interest was charged. An exception was filed by Florence to the first, and by the widow to the last. The court overruled the last, and sustained the first exception, and approved and confirmed the latter statement of the commissioner.

When the cause came on to be finally heard, the court, among other things, decreed that the proceeds of the two policies were chargeable in the hands of the several beneficiaries with the payment of such of the testator's debts as existed at the time of the payment of premiums thereon. But that they were so chargeable only to the extent of the premiums paid by him, and that for the payment of the debts the beneficiaries must contribute in proportion to the sums received by them respectively, after the whole of his other estate, liable to the payment of debts, had been first exhausted. It was also decreed that Florence Stigler was included among the beneficiaries in the policy for $5,000.

In this decree six errors are assigned in the petition for appeal.

1. The first error assigned is, that the court below erred in holding that any portion of the proceeds of the policies were applicable to the payment of the testator's debts. In support of this assignment, we are referred to decided cases in other states. An examination, however, of those cases shows that the decisions were based upon peculiar statutes of those states, or were governed by the civil law, as in Louisiana, and are, therefore, not applicable to this case.

We think the provisions of our own statute, embraced in section two, chapter 114 of the Code of 1873, is decisive of the question. The material portion of it is as follows: "Every gift, conveyance, assignment, transfer or charge which is not upon consideration deemed valuable in law, shall be void as to creditors whose debts shall have been contracted at the time it was made."

In this case each of the policies was intended as a gift to accrue to the beneficiaries therein named. When the premiums

on them were paid, the insured was indebted. The obvious intent of the statute is to invalidate as against existing claims of creditors every gift or voluntary assignment of the debtor's property, without regard to its object or the form in which it is made. It is plain, therefore, that to the extent the means of the insured were withdrawn from creditors and applied to the payment of premiums on the policies in question, the payments were void as against creditors, and that they were entitled to have the sums so paid applied to the discharge of their claims, out of the proceeds of the policies.

But counsel for appellants insists that as no steps were taken to avoid the payments within five years after they were made, they must now be held good as against creditors. Several answers to this proposition are made by counsel for appellees. It is sufficient, however, to say that the point was not made in the court below, and, moreover, that the cross-bill was filed within five years after the complainant therein became of age, and, therefore, within the time allowed by section eighteen, chapter 146 of the Code of 1873, which provides, that if any person to whom the right accrues to bring an action, shall be at the time the right accrues an infant, married woman, or insane, the same may be brought within the like number of years after such person becomes of age, unmarried or sane, that is allowed to a person having no such impediment to bring the same after the right accrues.

2. The second error assigned is, that Florence Stigler, a child by the first wife of the insured, was held to be one of the beneficiaries in the policy for $5,000. Interpreting the policy in the light of the surrounding circumstances, as such instruments, like other written instruments, are always to be interpreted, we think the court below correctly so held. At the time the policy was issued, she was a member of her father's household, and lived with him until his death. She was an afflicted, helpless child, and wholly dependent upon him. Upon the second marriage the wife assumed towards her the relation of a mother, and for

aught the record shows to the contrary, faithfully discharged the duties incident to that position during the remainder of her father's life.

For years before his death, as she avers in her bill, she was an object of great anxiety and solicitude to him. To the motherly care of his wife, as we have seen, he commended her in his will, confident that the trust would not be abused. It is incredible, in view of the facts in the case, that when insuring his life to make provision for his wife and their children, he intentionally excluded from its benefit the one who, of all of them, was most likely to need it. This view is sustained by the already quoted provisions of his will, and was acted upon by the parties in dividing the proceeds of the policies after his death.

A similar case was decided by the supreme court of New York, in which the facts were these: The insured, who had been twice married, insured his life for the benefit of his wife and their children. He died, leaving surviving him the wife and his children by his first wife. He left no children by the second wife, but she had a child by a former husband. It was held that the proceeds of the policy went to the widow and the children by the first wife and the child of the second wife, each child taking an equal sum. See Bliss on Life Ins. (2d. ed.), sec. 345.

3. The third error assigned is, that the widow and her children were held liable for the amount of premiums paid by the testator on the insurance policies. It is insisted that such an issue was not raised in the cause, and that the decree in this particular was not warranted by the pleadings. The cross-bill charged that the *whole* of both policies were assets of the estate, and that out of their proceeds the debt due the complainant ought to be paid.

Without broadly deciding the question thus raised, the court below held, as sufficient for the purposes of the case, that to the extent of the premiums paid by the insured, the proceeds of the policies were liable to his then existing debts, and that

interest was chargeable on the payments so made. And in this there was no error.

4. The questions raised by the fourth assignment of error are sufficiently disposed of by what has already been said, and need not be further noticed.

5. The fifth error assigned is, that the executrix was not credited with payments made by her in the discharge of debts of the estate. No exception to the commissioner's report was taken on this ground, and she appears to have been credited by all such payments as she claimed to have made.

6. The sixth error assigned is the adoption of the court below of the commissioner's statement, in which compound interest is charged against the estate of the guardian.

The assignment is not well taken. The decree of the circuit court of Amherst county, while it authorized, did not require, against the guardian's consent, the profits of the ward's estate to be applied to their maintenance and education. It is the duty of the father, if of sufficient ability, to maintain his infant child. It is only when he is unable suitably to do so that an allowance for that purpose out of the infant's estate, if any, will be made by a court of equity; otherwise the estate will be allowed to accumulate for the infant's benefit. And in no case will an allowance be made, after the guardianship has terminated, without the clearest proof that justice requires it. *Evans* v. *Pearce and others,* 15 Grat. 515 ; *Griffith* v. *Bird and others,* 22 Id. 80.

In this case the father was able to maintain, and we are satisfied from the evidence did maintain, the ward out of his own means. We find nothing in the record to justify the belief that he intended to use, or did use, the income of her small estate to maintain and educate her. She received but little education, and owing to her mental and physical infirmities was, perhaps, incapable of acquiring more. A letter written by her and filed in the cause, is no less illustrative of her deficiency in understanding and intelligence than of her sad condition generally.

For these reasons, as shown by the evidence and admitted in the pleadings, she was an object of great solicitude to her father. It may be, indeed it is probable, that he was not aware of, or did not consider, the consequences to his estate of a settlement of his guardian accounts. But that does not justify a reversal of the decree and a disregard of the established principles upon which such accounts are settled.

It has been argued that the proceeds of the insurance policies did not pass by the testator's will. It is sufficient to say that the allegation of the cross-bill that they did pass by the will is not controverted in the answers, nor is the ruling of the court below in this particular assigned as error in the petition for appeal.

It was also argued for appellants, but is not assigned as error in the petition for appeal, that the executrix was erroneously charged with certain rents of real estate received by her after the death of her testator.

The objection was not made in the court below. It is for the first time made here, and in the argument of counsel. The question does not arise on this appeal, and we are not at liberty to consider it.

Upon the whole case, we are of opinion to affirm the decree.

RICHARDSON, LACY, and HINTON, J's, concurred.

FAUNTLEROY, J., dissented.

DECREE AFFIRMED.