THOMAS NINDE v. ESECK P. CLARK AND W. IRVING LATIMER.

*Sale of land on execution—Issued after verdict, but without entry of judgment—Which sale was set aside by the court—And eight years afterwards third parties acquire debtor's title to the land—No steps having been taken to perfect a judgment—And they having no actual notice of one having been pronounced or rendered—Have a right to take the record as they find it—And to presume levy and sale worthless—And are not affected by the entry of judgment nunc pro tunc eight years after such purchase.*

Where land was sold on an execution issued in a case in which a verdict had been rendered but no judgment entered, and the sale was set aside by the court, and defendants, eight years afterwards, acquired the title of the judgment debtor, relying upon such judgment record, and without any *actual* notice that judgment had ever been pronounced or rendered; and after sixteen years the purchaser at said

execution sale secured an order for the entry of a judgment *nunc pro tunc* on said verdict, which was opposed by defendants, after which plaintiff received a deed from the executors of said execution creditor:—

*Held*, that defendants had a right to take the proceedings as they found them, and after an interval of eight years, without any steps being taken to perfect the judgment, they were justified in presuming the levy and sale *worthless*, not being founded on any judgment..

Error to Kent. (Montgomery, J.) Argued June 10, 1886. Decided June 24, 1886.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Norris & Uhl*, for appellant:

Neither Stimson nor the defendants were good faith purchasers: *Dixon v. Mill*, 5 Mich. 409; *Warner v. Whittaker*, 6 Id. 134; *Blanchard v. Tyler*, 12 Id. 342; *Stone v. Welling*, 14 Id. 525; *Boxheimer v. Gunn*, 24 Id. 379; *Kohl v. Lynn*, 34 Id. 361; *Thomas v. Stone*, Walk. Ch. 117.

Nor without notice: *Norris v. Hill*, 1 Mich. 206; *Quirk v. Thomas*, 6 Id. 76; *Fitzhugh v. Barnard*, 12 Id. 111; *Baker v. Mather*, 25 Id. 52; *Van Aken v. Gleason*, 34 Id. 477; *Healey v. Worth*, 35 Id. 168; *Mich. Mut. Ins. Co. v. Conant*, 40 Id. 534.

Defendants took their grantor's title, and cannot claim as *bona fide* purchasers: *Martin v. Morris*, 62 Wis. 418; *Oliver v. Piatt*, 3 How. 333; *May v. Le Claire*, 11 Wall. 217; *Dickerson v. Colgrove*, 100 U. S. 578; *Battershall v. Stephens*, 34 Mich. 74.

In *Eaton v. Trowbridge*, 38 Mich. 459–60, the deed quitclaimed the "interest of and now remaining," and was held to defeat no prior unrecorded conveyance. *Stetson v. Cook*, 39 Mich. 752–3; *McGoren v. Avery*, 37 Id. 122; *Adams v. Cuddy*, 13 Pick. 463; *Johnson v. Tool*, 25 Am. Dec. 162 (note pp. 164–5).

This is settled law in the federal courts: *Runyon v. Smith*, 18 Fed. Rep. 579; *U. S. v. Sliney*, 21 Id. 895.

It is a legal duty to presume that the court pronounced the sentence of the law that naturally and regularly followed the verdict; and that the court did not act arbitrarily in this particular case: 3 Bl. Com. 396; 1 Green's Pr. 283, 290; *People v. Bay County Clerk*, 14 Mich. 169; Freeman on

Judgments, § 37; and this is a statutory requirement : How. Stat. § 7660.

Under a somewhat similar provision (How. Stat. § 6945), a verdict has been held in legal effect a judgment : *Gaines v. Betts,* 2 Doug. 99; *Overall v. Pero,* 7 Mich. 315; *Fish v. Emerson,* 44 N. Y. 376.

The failure to enter a judgment is attributable to the negligence of the officers, and not to the countenance and support of the law : Freeman on Judgments, §§ 37, 72; *Emery v. Whitwell,* 6 Mich. 490–1.

An entry is not essential to the existence and force of a judgment, which is not what is *entered,* but what is *ordered* and *considered :* Freeman on Judgments, § 38.

The court has power to, and will, amend error, and order a judgment entered *nunc pro tunc : Chichester v. Cande,* 3 Cow. 39; *Hunt v. Grant,* 19 Wend. 89 ; *Lansing v. Lansing,* 18 Johns. 502; *Mays v. Hassell,* 24 Am. Dec. 750; *Bank of Newburgh v. Seymour,* 14 Johns. 219 ; Freeman on Judgments, § 61.

Especially is this so where the record furnishes data for the required amendment, and shows what the judgment should be : *Montgomery v. Merrill,* 36 Mich. 102; *Draughan v. Tombeckbee Bank,* 18 Am. Dec. 38.

This power is not limited as to time of its exercise : Freeman on Judgments, § 56.

Defendants are bound by all the records, and chargeable with whatever appears in their chain of title, and with reasonable inferences therefrom : *Fitzhugh v. Barnard,* 12 Mich. 110 ; *Emery v. Whitwell,* 6 Id. 492–3 ; *Hosley v. Holmes,* 27 Id. 416–429.

*More & Wilson,* for defendants :

The entry of judgment *nunc pro tunc* was irregular, and not binding on these claiming title through Ives, because his personal representatives had no notice of the motion.   To give a court jurisdiction to enter such a judgment the parties and all persons interested must be before the court : Freeman on Judgments, §§ 64, 72a; *Whitwell v. Emory,* 3 Mich. 84; *Montgomery v. Merrill,* 36 Id. 97; *O'Conner v. Mullen,* 11 Ill. 57.

Such entry was of no effect as against defendants, they being purchasers in good faith for a valuable consideration prior to such entry : Freeman on Judgments, § 66; *Greenvault v. F. & M. Bank,* 2 Doug. 498, 512; *Montgomery v. Merrill,* 36 Mich. 97, 104; *Shirley v. Phillips,* 17 Ill. 471;

*Coughran v. Gutcheus,* 18 Id. 390; *McCormick v. Wheeler, etc., Co.,* 36 Id. 114; *C. & St. L. R. R. Co. v. Holbrook,* 72 Id. 419; *Ohio Life Ins. Co. v. Urbana Ins. Co.,* 13 Ohio, 220; *Emerson v. Upton,* 9 Pick. 167; *Galpin v. Fishburne,* 3 McCord, 22; *Cape Fear Bank v. Williamson,* 2 Iredell, 147; *Williams v. Sharpe,* 70 N. C. 582; *Bowman v. Stark,* 6 N. H. 459; *Berry v. Spear,* 13 Me. 187; *Banister v. Higginson,* 15 Id. 73; *Phillips v. Tanner,* 6 Bing. 238; *Webber v. Hutchins,* 8 Mees. & W. 319.

MORSE, J. This is an action of ejectment brought by plaintiff to recover the undivided one-third of certain lots in the city of Big Rapids. The case was removed from the circuit court for the county of Mecosta, where it was commenced, to the Kent circuit, because of the Mecosta circuit judge having been of counsel in some of the proceedings involved in the cause. The case was tried before Hon. R. M. Montgomery, judge of the Kent circuit, without a jury, who rendered judgment for the defendants. The facts as found by said circuit judge are substantially as follows :

"On the twenty-ninth day of October, 1866, one Chauncey P. Ives was the owner in fee of the undivided one-third part of the premises described in plaintiff's declaration in this cause, the undivided two-thirds being owned by one George B. Warren. Both Ives and Warren derived their title by mesne conveyances from the United States.

"On the eighth day of December, 1865, one William Perry commenced suit in the circuit court for the county of Mecosta, in assumpsit, against said Chauncey P. Ives.

"On the twenty-sixth day of September, 1866, the cause came on for trial before the court, the Honorable Flavius J. Littlejohn presiding, and a jury. The trial was continued from day to day, and on the twenty-ninth day of September, 1866, the jury rendered a verdict in the cause in favor of the plaintiff and against the defendant, and assessed plaintiff's damages at the sum of eight hundred dollars and costs.

"No judgment was (prior to October 27, 1882) entered of record in the cause. No evidence was offered before me that judgment was pronounced on said verdict, except such as appears in these findings. A journal order was made on September 29, 1866, as follows: 'In this cause, by consent of attorneys, it is agreed to stay proceedings for twenty-five days.' The court thereupon adjourned without day.

"On the twenty-fifth of October, 1866, plaintiff's sworn bill of costs was filed, with a stipulation signed by Ceylon C. Fuller, the defendant's attorney, consenting to the taxation thereof at the sum of one hundred and seven dollars and twelve cents. The costs in the cause were not taxed, unless an entry on the clerk's calendar as follows: 'October 25, 1866. Costs taxed $107.12,' — be deemed in law a sufficient taxation.

"On the twenty-fifth day of October, 1866, execution was issued."

A certificate of levy was made upon the premises and recorded in the office of the register of deeds of Mecosta county.

December 24, 1866, the interest of said Ives under the levy was sold by the sheriff to said George B. Warren, and a deed executed to him May 5, 1869, and recorded the next day.

May 26, 1870, application was made in the cause to set aside the levy and sale of the land by the attorneys of Chauncey P. Ives. The reasons stated in the application, as grounds for the order to vacate, were that the sheriff had not made a proper levy, and because the lands were exposed for sale and sold in entire blocks or parcels, instead of being sold in lots, separately, said blocks being divided into lots, and the sheriff had made no return upon the execution.

On the twenty-seventh day of the same month and year the circuit court for Mecosta county made an order setting aside said levy and sale for the reason, as recited in said order, that the lands were sold in entire blocks, instead of by lots, into which said blocks were divided.

August 24, 1869, Chauncey P. Ives conveyed all his interest in these premises to Stewart Ives as trustee, and subsequently the *cestuis que trustent* named in said deed released and conveyed their interest in said lands to the said Stewart Ives, who, on the eighth day of June, 1874, conveyed by warranty deed the premises in question, with other lands, to Thomas D. Stimson. Stimson and wife, October 12, 1874, quitclaimed the same to the defendants, Clark and Latimer. All these deeds were duly recorded.

Before taking the deed, Stimson procured an abstract of the title of the premises in dispute here, and also a copy of the records and proceedings in the case of *William Perry v. Chauncey P. Ives*, heretofore referred to. These he submitted to his legal adviser, John W. Champlin, of Grand Rapids, who looked them over, and advised him that the title of Stewart Ives "was all right."

Before Stimson deeded to defendants he told Clark that he had inquired and searched thoroughly, and was satisfied that he had a good title; that he had an abstract, but it was in Champlin's hands, and that there they could find all about the title. Neither Stimson, Clark, nor Latimer had actual notice of the rendering of any judgment in the case of *Perry v. Ives*. Clark and Latimer had no actual notice of the execution sale, or of the sheriff's deed to Warren, and did not know that Warren claimed to own the interest in the lands which they had bought of Stimson.

Defendants admitted upon the trial that, at the commencement of the suit, they were in possession of the premises, holding and claiming adversely to plaintiff.

George B. Warren, who purchased at execution sale as aforesaid, had no notice of the proceedings setting aside the levy upon and sale of the lands.

"On the twenty-sixth day of August, 1882, George B. Warren having died, George B. Warren, Jr., John A. Manning, and John B. Pierson, the executors of his last will and testament, made a motion in the case of *William Perry v. Chauncey P. Ives*, in the circuit court for the county of Mecosta, that a judgment be entered in that cause *nunc pro tunc* as of September 29, 1866. Notice of this motion was given to Stewart Ives, William Perry, Eseck P. Clark, and W. Irving Latimer. No notice was given to the personal representatives of Chauncey P. Ives, and it did not appear that he had any. Chauncey P. Ives had died in the meantime.

" On the twenty-seventh day of October, 1882, this motion, resisted by the defendants, was granted, and an order made that judgment be, and it was, entered on the aforesaid verdict in the case of *Perry v. Ives*, *nunc pro tunc* as of September 29, 1866.

"On the thirtieth day of January, 1883, upon motion of defendants' attorneys, this order of October 27, 1882, was restricted and limited so far as that it should be without prejudice to parties not in the record of the case of *Perry v. Ives*, to litigate in any other suit or proceedings, or in any other court, the rights which they might have in good faith acquired, while the records and proceedings in the cause remained defective.

"George B. Warren, Jr., John A. Manning, and John B. Pierson, executors as aforesaid, by quitclaim deed dated January 24, 1884, conveyed the lands in controversy, together with other lands, to Thomas Ninde, plaintiff in this suit, and he bases his right to recover on that deed. The deed is signed by the grantors in their individual capacity, but they are described in the body of the deed as 'executors of George B. Warren, deceased.' The clause in the will of Warren, under which plaintiff claims that his grantors had authority to convey, is as follows : ' My said executors and trustees are hereby authorized and directed to sell and convey my real estate as fast as they can make sales on satisfactory terms.' "

The circuit judge found, as a conclusion of law from these facts, in favor of the defendants, and rendered judgment accordingly.

It will be noticed from the findings of fact that for sixteen years, from September 29, 1866, to October 27, 1882, there was no judgment of record in the case of Perry v. Ives, upon which the levy on execution, and sale to George B. Warren, of the premises, purported to be based ; and during this interim Stewart Ives acquired his title, and deeded to Stimson, who conveyed to defendants within the same period.

The counsel for plaintiff claim that there was substantially a judgment ordered, and that it failed of entry through neglect of the clerk ; that the subsequent entry of the judgment *nunc pro tunc* cured this neglect, and validated the levy and sale.

They admit that such order could not interfere with or lessen the rights of third persons who had in good faith acquired interests in the lands while there was no judgment entered, but claim that the defendants and their grantors

had such notice from the files and papers in the cause of *Perry v. Ives* as to destroy their claim of being *bona fide* purchasers.

They insist that when Stimson had the abstract of title, and a copy of the records and proceedings in *Perry v. Ives*, and submitted them to his legal adviser, such papers contained sufficient information to give him constructive notice that there was really a good judgment, which at any moment, upon application to the court, could be entered as of the date it was actually rendered, and thereby saved and made valid, and relating back in all things to such date.

The circuit judge finds that neither Stimson nor either of these defendants had any actual notice of the rendering of any judgment in the case of *Perry v. Ives*, and Latimer had no actual notice of the execution of the sheriff's deed to Warren, and did not know that Warren claimed any interest in the premises deeded by Stimson to defendants.

It is admitted that the judgment was imperfect and inoperative until cured by an order of the court.

We do not think that the defendants were bound to take notice that this might be done. There might have been valid reasons in the mind of the circuit judge (Littlejohn) who tried the case of *Perry v. Ives* why he did not order a judgment entered upon the verdict of the jury. There is nothing whatever appearing upon the record to show that he ordered judgment upon the verdict, or why he did not do so. It is claimed by counsel for plaintiff that it was the last day of his term in that county, and it must have failed of entry by reason of hurry or inadvertence on his part, or that of the clerk; but we cannot establish a rule that would force purchasers to entertain any such presumption.

They had a right to take the proceedings as they found them; and, after an interval of eight years, without any steps having been taken to perfect the judgment, they were justified in presuming the levy and sale worthless, not being founded upon any judgment.

These defendants, therefore, having neither actual nor constructive notice of any judgment in the case of *Perry v.*

*Ives*, could not be affected in their holding of the premises by the subsequent entry of a judgment *nunc pro tunc ;* and, having acquired their title in good faith and for value, are entitled to the possession of the premises.

It is not necessary to discuss the other points raised and argued in the case, as our conclusion, as above, disposes of the case upon the findings of fact.

The judgment of the Kent circuit court is affirmed, with costs of both courts. The record will be remanded, as is usual in ejectment cases, for such further proceedings as the parties may deem proper.

CAMPBELL, C. J., and SHERWOOD, J., concurred. CHAMP-LIN, J., did not sit.