WILLIAM W. CRAPO & another, trustees, *vs.* MARY L.
PIERCE.

Bristol.     October 24, 1904. — January 3, 1905.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Devise and Legacy*, Construction.

A testatrix at the time of making her will had a man F. and his wife A. in her
service who had been in her employ for many years, both before and after their
marriage to each other. By her will she left a fund to trustees "to pay to F. who
now works for me, the income and net profits arising therefrom during his life;
and after the decease of said F. to pay the said income to his present wife, if
she shall survive him, during her life, and after the decease of said F. and wife,
to pay, distribute and divide the said principal fund, however the same may be
then invested, to and among the children of said F. and wife and the issue of any
deceased child by right of representation." F. had a child by a former marriage,
who survived both F. and his second wife A. There also were children by the
second marriage who were living when the will was made and who survived
their parents. *Held*, that the expression "the children of said F. and wife" as
used in this clause meant only the children of their marriage, and did not mean
the children of each of them, so that the child of F. by the former marriage
was excluded from the distribution.

PETITION, filed February 3, 1903, in the Probate Court for
the county of Bristol by the trustees under the will of Sylvia
Ann Howland, late of New Bedford, for an order of distribu-
tion of a fund held under that will for the benefit of Frederick
Brownell during his life and after his death for the benefit of
his widow, Anna B. Brownell, who now had deceased.

On appeal the case was heard by *Loring*, J. upon an agreed
statement of facts. He found the facts to be as stated in the
agreed facts, and made a decree affirming the decree of the Pro-
bate Court, that the property be distributed between Frederick
A. Brownell and Abby R. Brownell, the children of Frederick
Brownell by his wife Anna B. Brownell, excluding Mary Louise
Pierce, the child of Frederick Brownell by a former marriage,
and remanding the case to the Probate Court for further pro-
ceedings. Mary Louise Pierce appealed.

The agreed facts were as follows: Frederick Brownell, named
in the fifth clause of the will of Sylvia Ann Howland, was born

in 1826. In 1844 he entered the employ of Edward M. Robinson and his wife who was the sister of Sylvia Ann Howland. He continued in their employ until 1853, and from that time was a member of the household of Sylvia Ann Howland until her death in 1865. Frederick Brownell married Eliza Jane Slocum in 1845, and to them in 1850 was born Mary Louise Brownell, now Mary Louise Pierce, one of the respondents. Eliza Jane Brownell died on March 27, 1852, and Mary Louise Pierce was placed in the care of her grandmother, Frederick Brownell's mother. Mary Louise Pierce was known to Sylvia Ann Howland, and was frequently about her house before 1863.

Frederick Brownell was greatly esteemed by Sylvia Ann Howland and she frequently spoke in high terms of him, and said that he had done well by her. On October 16, 1856, Frederick married Anna B. Remington, who was at that time in the employ of Sylvia Ann Howland, and to them were born Frederick A. Brownell in 1857, and Abby R. Brownell in 1861, two of the respondents, and no other children. Both of these children were known to Sylvia Ann Howland before the execution of her will. In 1864 Sylvia Ann Howland conveyed to Anna B. Brownell the house in which she and Frederick lived. On September 1, 1863, the date of the execution of the will, Frederick Brownell and Anna B. Brownell were living together as husband and wife and so had been living continuously since their marriage.

The material portion of the will is quoted in the opinion.

*O. Prescott, Jr.*, for the trustees, stated the case.

*W. B. Perry*, (*J. T. Keen & L. W. Jenney* with him,) for Mary Louise Pierce.

*J. E. N. Shaw*, for Frederick A. Brownell and Abby R. Brownell.

BRALEY, J. By the fifth clause of her will Sylvia Ann Howland gave $10,000 to trustees, whose successors are the petitioners, upon the trust "to pay to Frederick Brownell who now works for me, the income and net profits arising therefrom during his life; and after the decease of said Frederick to pay the said income to his present wife, if she shall survive him, during her life, and after the decease of said Frederick and wife, to pay, distribute and divide the said principal fund, however the

same may be then invested, to and among the children of said Frederick and wife and the issue of any deceased child by right of representation."

As the beneficiaries for life are dead, the principal fund is now to be distributed. The question is whether Mary L. Pierce, the appellant, a child of Frederick Brownell by his first marriage, is entitled to share in the distribution with Frederick A. Brownell and Abby R. Brownell, children by his second marriage.

It is well settled law that in the construction of a will not only the intention of the testator must control, but is to be gathered from the instrument itself read in the light of the circumstances existing at the time it was made. *Dana* v. *Dana,* 185 Mass. 156. *Thissell* v. *Schillinger,* 186 Mass. 180. *Denfield, petitioner,* 156 Mass. 265.

These familiar rules are to be applied for the purpose of ascertaining the intention of the testatrix.

At the date of the execution of the will Frederick Brownell and his wife Anna B. Brownell were in the employment of the testatrix. They had been for many years in her service both before and after their marriage, and the existing relation created not only a friendly interest in their welfare, but led her to recognize their long and faithful service by making pecuniary provision for their benefit.

With these conditions in mind she provides for Frederick absolutely during his life, and at his death the income is given to "his present wife."

This specific provision while designed to show her regard for Anna also prevented the possible intervention of another legatee for life before distribution among the children, if Anna died and Frederick again married. Even if all his children were living, yet in her contemplation the family was a unit composed of Frederick, his wife, and the two children born of the second marriage; for she immediately goes on to provide for a final distribution after the decease of their father and mother.

If she had said the children of " said Frederick ", and gone no further, those born of both marriages would have been included. *Andrews* v. *Andrews,* L. R. 15 Ir. 199.

But the qualifying words " and wife " are used, and constitute a limitation which cannot be rejected, and narrows the gift.

The whole phrase then should be read collectively as she used it, and not distributively to mean the children of Frederick, and the children of Anna. *Luce* v. *Harris,* 79 Penn. St. 432. *Gelston* v. *Shields,* 78 N. Y. 275.

By this interpretation the words plainly identify " children " to be the issue of Frederick by " his present wife ", and do not include the appellant.

*Decree of Probate Court affirmed.*