JOHN W. BROWN ET ALS. v. ÆTNA LIFE INSURANCE COMPANY.

(Filed 17 October, 1917.)

**Insurance—Policy—Assignments—Children of Two Marriages — Descriptio Personarum.**

Where the insured has assigned his policy of life insurance to the children of himself and his wife by a second marriage, giving his own name and that of such wife, and it appears that at the time he had children by both marriages, the naming of himself and his second wife are words *descriptio personarium,* and only the children of the second marriage may take under the terms of the assignment upon the maturity of the policy by the death of the insured.

CONTROVERSY without action, submitted to *Devin, J.,* at June Term, 1917, of WAKE.

From judgment for plaintiffs, defendants appealed.

*B. S. Royster for plaintiff.*
*Tasker Polk and Murray Allen for defendants.*

BROWN, J. The defendant insurance company issued a policy upon the life of William T. Johnson, now deceased, which was assigned by insured in these words:

"For value received, I hereby transfer, assign, and turn over unto the children of William T. Johnson and Bettie Hall Johnson all my right, title, and interest in policy No. 269047, issued by the Ætna Life Insurance Company of Hartford, Conn., on the life of William T. Johnson, and all benefits and advantages to be derived therefrom."

The deceased was married twice, Bettie Hall Johnson being his second wife, by whom he had three children, who are defendants. The plaintiffs are the three children by his first wife, who sue to recover half the proceeds of the policy, which they allege were wrongfully paid to codefendants.

We are of opinion that the judge below erred in holding that plaintiffs are equally entitled with the codefendants.

The words, "William T. and Bettie Hall Johnson," are *descriptio personarum,* and only the children of both, and not the children of each, answer this description. The child of William T. and Bettie H. Johnson would undoubtedly mean the *child* of both, and not the child of one only. The use of the plural, *children,* should have no effect upon the modifying language.

If it was the purpose of the assignor to assign the policy to his six children, why add the words, "and Bettie Hall Johnson"? They are clearly unnecessary, if such was his purpose. Had he not added those words, all his children would take under the assignment.

This is the view of the Supreme Court of Massachusetts in *Crapo v. Pierce,* 187 Mass., 141, wherein it was held that the expression, "the children of said F. and wife," as used in a will, meant only the children of their marriage, and did not mean the children of each of them, so that the child of F. by the former marriage was excluded from the distribution.

The Court says: "If she had said the children of 'said Frederick,' and gone no further, those born of both marriages would have been included; but the qualifying words, 'and wife,' are used and constitute a limitation which cannot be rejected, and narrows the gift. The whole phrase, then, should be read collectively as she used it, and not distributively to mean the children of Frederick and the children of Anna. *Luce v. Harris,* 79 Pa. St., 432; *Gelston v. Shields,* 78 N. Y., 275. By this interpretation the words plainly identify 'children' to be the issue of Frederick by 'his present wife,' and do not include the appellant." To the same effect are *Evans v. Opperman,* 13 S. E., 312; *Ins. Co. v. Clough,* 68 N. H., 298; *Lockwood v. Bishop,* 51 How. Pr. N. Y., 221.

The point appears to have been heretofore decided by this Court in *Davenport ex parte,* 75 N. C., 176. In that case there was a devise as follows: "I give to Chloe D. and husband, and Catherine H. and hus-

band, and Alfred D. and wife, . . . my tract of land, . . . etc. The said Chloe and husband, and Catherine and husband, and Alfred and wife, to hold their part of said land during their lives, and then to their children."

etc. The said Chloe and husband, and Catherine and husband, and gotten by Henry Harrell, the children of Chloe Davenport begotten by David Davenport, and the children of Alfred Davenport by his wife Penelope, are entitled, and not the children of said Catherine, Chloe, and Alfred generally."

If there were no children in existence who could answer the description of "the children of William T. Johnson and Bettie Hall Johnson," in the sense of being the children of their marriage, this assignment might be subject to the construction contended for by the plaintiffs. This situation arose in *Cooper v. Carmon,* 62 N. C., 83. The testator directed that property remaining at the death of his wife should be "divided amongst our next of kin." It appeared that there were persons who were next of kin to the husband, and there were persons who were next of kin to the wife, but there were no persons who were next of kin to both husband and wife. It was held that the estate must be divided into two equal parts, and one part distributed among the next of kin to the husband and the other part among the next of kin to the wife. But the Court said: "If there were persons next of kin to both husband and wife, they would fit the description, *our* next of kin, and they would take the whole."

There are a few cases, such as *Stigler v. Stigler,* 77 Va., 163, that give color to the contention of plaintiffs. The *Stigler* case has been clearly distinguished by the Supreme Court of Texas in *Evans v. Opperman, supra,* but the great weight of authority is in line with our own Court.

Reversed.