# CHARLESTON.

### LIVELY v. GRIFFITH *et al*

### Submitted May 13, 1919.   Decided May 27, 1919

1. JUDGMENT—*Record—Nunc Pro Tunc Judgment.*

    The court may in the exercise of its general jurisdiction by a *nunc pro tunc* judgment or decree cause its records to speak the truth respecting any interlocutory or final judgment or decree which on some previous day or term was actually and in fact ordered.  (p. 394).

2. SAME—*Death of Party—Entry of Judgment or Decree Nunc Pro Tunc.*

    And when a cause has been matured and submitted, and a party has done all in his power to secure a judgment or decree in his favor, but dies after submission and before a final judgment or decree is pronounced in his favor, the court may, when the final judgment or decree ordered has by mistake been omitted from the record or it becomes necessary to protect his rights, enter a judgment or decree *nunc pro tunc* to relate back to the date the same was actually ordered or to the date of the submission of the cause for final decision.  But such *nunc pro tunc* judgment or decree must always show to what date or term it is made to relate. (p. 394).

3. WILLS—*Construction—Interest of Heirs of Life Tenants.*

    The will of a testatrix gave to Alexander Lively and Minty Lively, his wife, all her property for life, and provided that after their death the same should ''pass over to the heirs of said Alexander Lively and Minty his wife.''  Properly construed, the heirs of each life tenant took by the will an undivided moiety in the land devised, vesting in interest on the demise respectively of the life tenants, and in right of possession on the death of the surviving life tenant.  (p. 396).

Appeal from Circuit Court, Kanawha County.

Suit for partition by Joseph Lively against Frances Jane Griffith and others.  Decree for plaintiff nunc pro tunc, and defendants appeal.

*Reversed and remanded.*

*J. F. Cork* and *J. W. Kennedy,* for appellants.
*F. C. Pifer,* for appellee.

MILLER, PRESIDENT:

This suit was for partition of a tract of 126 acres of land devised by the will of Nancy Insco, made in 1862, and who died shortly thereafter, whereby she devised all her land and certain personal property to Alexander Lively and Minty Lively, his wife, for life, and provided that after their death the same should "pass over to the heirs of said Alexander Lively and Minty his wife."

The plaintiff Joseph Lively and the defendant Robert Lively, his brother, are children and heirs at law of Alexander Lively by his first wife. The defendants Frances Jane Griffith (nee Lively), Samuel S. Lively and Margaret M. Lively are the children and joint heirs of Alexander Lively and Minty Lively, the latter being the second wife; and the claim of the plaintiff is that he and his brother Robert as heirs at law of Alexander Lively took under the will an estate in remainder along with the joint heirs of their father and the said Minty Lively, which vested in right of possession on the death of their father, surviving life tenant, which occurred in August 1912, the said Minty Lively having died, as the bill alleges and the evidence shows, in November 1901.

The bill does not specifically allege in what proportions plaintiff and his brother took the land under said will, but the decree which their counsel seek to have affirmed adjudged to each a one-tenth part thereof, and that their co-partitioners were each entitled to a four-fifteenth part thereof.

The main ground of error relied on by appellants, the children and joint heirs of Alexander and Minty Lively, is that the court in decreeing any interest in the land to Joseph and Robert Lively, misconstrued the will; but the first ground relied on for reversal, in logical order, is that the decree appealed from is a so-called *nunc pro tunc* decree and is erroneous upon grounds to be presently stated.

The rights of the court *nunc pro tunc* to make the record speak the truth as to what was actually done in a cause interlocutorily was affirmed by this court in *Vance* v. *Railway Co.*, 53 W. Va. 338; *Ex parte Coon*, 81 W. Va. 532; *Gauley Coal Land Association* v. *Spies*, 61 W. Va. 19; and *Scott* v.

*Newell*, 69 W. Va. 118. And that it may also do the same thing in the same way respecting final decrees actually pronounced and directed to be entered, has also been affirmed. *Cole* v. *State*, 73 W. Va. 410; *Clifford* v. *City of Martinsburg*, 78 W. Va. 287, and perhaps also in other cases.

The right to so correct errors and omissions in judicial proceedings is not controverted. The contention before the lower court was, first, that the decree here in question, if originally pronounced, was not entered by the clerk because of the neglect of the plaintiff to pay the costs, as to which there is no proof; second, that at the time the cause was submitted and at the time the decision was announced by the trial judge, Robert Lively was dead and that the cause was never revived against his surviving heirs, whose names are also suggested on the record; third, that the decree was not a proper decree to be pronounced upon the bill and proceedings. And in argument here a fourth ground is urged, namely, that the *nunc pro tunc* decree entered on July 19, 1917, was not entered with reference to any prior day or term of the court with respect to which it was to have effect, and is therefore without day or date, and erroneous.

The third ground involves the merits of the cause and will be postponed in the order of disposition. As there is no evidence in the record on which to predicate fault on the part of plaintiff, justifying withholding the decree from the record, we pass that point without further consideration. But if it be true as asserted and assumed in the second ground of objection, and it so appeared, the point of error would be good, but we find nothing in the record except the mere suggestion of counsel in the order of July 19, 1917, directing the *nunc pro tunc* decree, showing when Robert Lively died; if indeed he be dead in fact, the date of his death is not shown. The final decree took no account of his death, but on the contrary decreed in his favor a one-tenth interest in the land to be partitioned.

The fourth point made against the entering of the decree presents a more serious, and we think a fatal, defect in the decree. That a final decree was pronounced some time prior to the order directing its entry *nunc pro tunc* was found

as a fact by the order directing entry thereof on July 19, 1917, but on what day or at what term the record does not show. If the decree *nunc pro tunc* showed with reference to what day or term it was entered, we might assume in the absence of a contrary showing that the court had duly considered the suggestion of death and, either that the decree was pronounced prior to the death of Robert Lively, or that the cause was submitted to the court prior to that date, in which latter event the court might properly have entered the decree as of the date of the submission, in order to protect the rights of the parties as of that date. 2 Beach Mod. Eq. Prac. §297; *Vance* v. *Railway Co., supra,* page 342, referring to *Ninde* v. *Clark,* 4 Amer. St. Rep., note, 828, where the subject is fully covered with copious citations of decisions. In *Mitchell* v. *Overman,* 103 U. S. 62, it was held that a decree entered as of the term at which the cause was submitted and carried over for no fault of plaintiff, could not be impeached upon the ground that it was entered subsequently to his death. The reason given for this rule is that a party who has done all he could to obtain a decree ought not be prejudiced by any delay of the court in rendering its decision. *Ninde* v. *Clark, supra,* note p. 829. For the errors so found the decree must be reversed and the cause remanded.

That there may be finality of the proceedings in the court below, it is necessary that we should also construe the will. And we may say at once that in our opinion the court below has put the proper construction on the provision on which the rights of the parties depend. We think the principles enunciated in *Irvin* v. *Stover,* 67 W. Va. 356, are decisive of the question involved. The clause in the deed in that case was: "To be held by them as a homestead for themselves, and after them to their heirs." In the case here the provision is, "and after their death to pass over to the heirs of said Alexander Lively and Minty his wife." The correctness of *Irvin* v. *Stover* is challenged by counsel, but we think it founded upon well settled rules of construction, and principles of law applicable in such cases. Undoubtedly Alexander and Minty Lively took an estate for life in the land by entireties with right of survivorship, and unless there is something in the context

evidencing a different intent, the remainder "over to the heirs of said Alexander Lively and Minty his wife" would not be limited to their joint heirs, as counsel contend, but would go in moieties to their heirs, the title of her heirs in one moiety vesting on her death, of his heirs in the other moiety at his death, and right of possession in all vesting on the death of the surviving life tenant, so held in *Irvin* v. *Stover, supra.* But it is asserted by counsel for appellants that the words "heirs of said Alexander Lively and Minty his wife" clearly evince intent to limit the remainder to the children and joint heirs of Alexander and Minty Lively, differentiating this case from *Irvin* v. *Stover.* They say the court in that case placed special emphasis on the words "their heirs". They seem to concede that if the language were, "Alexander Lively and Minty Lively, his wife," the case would fall within the rule of *Irvin* v. *Stover,* but that having omitted the name "Lively" after "Minty", her Christian name, the testatrix thereby evidenced her purpose to limit the remainder to the joint heirs of the life tenants. We cannot appreciate the distinction sought to be made between the two cases. At the date of the will and at the date of the death of the testatrix, which the evidence shows occurred on the same day, Alexander and Minty Lively had but one child born of their marriage, namely, the defendant Frances Jane Griffith; their two other children were not then in being. Their heirs prospective then in being were Joseph, Robert and Frances Jane Lively. Of course the devise to their heirs would open up to let in after born children, and the coming into being of other children may reasonably have been anticipated by the testatrix, but her relationship to plaintiff and his brother shown in evidence satisfies us that the testatrix did not intend to limit her divise in remainder to the children of Alexander and Minty Lively, but on the contrary that she intended the estate in remainder should go according to her plain direction, to the heirs and all the heirs of the life tenants, without other limitation. As was said by the court in *Collins* v. *Feather,* 52 W. Va. 107, 111: "The distinction between the use of the word 'heirs' and the word 'children' is a most important one and cannot safely be overlooked in the construction of wills. 'Like

all other legal terms the word *heir,* when unexplained and uncontrolled by the context, must be interpreted according to its strict technical import; in which sense it obviously designates the person or persons ·appointed by law to succeed to the real estate in case of intestacy.' 2 Jar. Wills, 585.''

In support of their construction of the will counsel for appellants cite us to a number of cases, as follows: *Brown* v. *Aetna Life Ins. Co.,* (N. C.), 93 S. E. 842; *Crapo* v. *Pierce,* 187 Mass. 141; *Evans* v. *Opperman,* 76 Tex. 293; *Aetna Mut. Life Ins. Co.* v. *Clough,* 68 N. H. 298; *Lockwood* v. *Bishop,* 51 How. Pract. Rep., (N. Y.), 221. We have examined all these cases carefully and find nothing in them materially conflicting with *Irvin* v. *Stover.* Without exception they all involve gifts ·or devises to children of donors or devisors. In the North Carolina case the assignment of a policy of life insurance was to the children of W. T. J. and B. H. J. It was rightly decided that the assignment carried the interest in the policy· to the children born to both and that no part thereof· went to the children of W. T. J. by a former marriage, for the description of the class named could not by proper construction include the children of each. The Massachusetts case involved a devise of a remainder to be· distributed ''to and among the children of said F. and wife and the issue of any deceased child by right of representation.'' It was rightly construed as limited to the children of their marriage, and as not including the child of F. by a former marriage. The other cases cited are of the same character.

In the Virginia case of *Stigler's Ex'x.* v. *Stigler et al.,* 77 Va. 163, the testator had insured his life for $5,000.00 ''for the benefit of his wife and their children.'' It was held that the description ''their children'' included an afflicted child by a former marriage, who was a member of the family and treated as one of the children of both, and was given the same care and consideration by her father and stepmother. In the case at bar the facts are very similar to those in the Virginia case. Besides, properly construed the words of the devise, ''over to the heirs of said Alexander Lively and Minty his wife,'' are plainly contemplative of the heirs of each. In the case of *Lyon* v. *Acker,* 33 Conn. 222, it is held to be a sound

rule of construction, that where a devise or legacy is given to heirs or their representatives, the general principle governing the descent of estates should be applied, unless a different intention appears. The statute of distribution governs in all cases where there is no will; and where there is one, and the testator's intention is in doubt, the statute is a safe guide.

For the error pointed out in entering the decree *nunc pro tunc*, it must be reversed and the cause remanded for further proceedings. If it turns out, as suggested on the record, that Robert Lively was dead at the time of the hearing of the cause, and necessarily at the time the case was decided and the decree pronounced, his heirs must be brought in by amendment of the bill, and will be entitled to a hearing on all the questions involved, before the entry of a final decree. On the other hand, if Robert Lively was living, either when the case was heard or at the time the decree was pronounced, *nunc pro tunc* decree may yet be entered with reference to either event in order to secure the rights of the parties.

*Reversed and remanded.*