# CHARLESTON.

HOMINY CREEK LAND COMPANY *v.* GAULEY COAL LAND
COMPANY *et als.*

(No. 5841)

Submitted April 19, 1927.    Decided April 26, 1927.

1.  JUDGMENT—*On Death of One of Defendants After Submission of Case, Court May Enter Nunc Pro Tunc Decree Relating Back to Date of Submission; Nunc Pro Tunc Decree Relating Back to Date of Submission of Case Must Show Date or Term to Which it Relates.*

    When a cause has been matured and submitted, and the plaintiff has done all in his power to secure a decree in his favor, but one of the defendants die after submission and before final decree is pronounced in plaintiff's favor, the court may enter a decree *nunc pro tunc* to relate back to the date of submission of the cause for final decision. But such *nunc pro tunc* decree must always show to what date or term it is made to relate.  (p. 477).

2.  ADVERSE POSSESSION—*In Absence of Actual Adverse Possession, Constructive Possession Follows Older and Better Title to Limit Claimant's Boundaries.*

    In the absence of actual adverse possession, constructive possession follows the older and better title to the full limit of the claimant's boundaries.  (p. 479).

Appeal from Circuit Court, Greenbrier County.

Suit by the Hominy Creek Land Company against the Gauley Coal Land Company and others to remove a cloud from title.  From a decree for plaintiff, the named defendant and others appeal.

*Affirmed.*

*Carl C. Sanders* and *C. M. Ward,* for appellee.
*Jarrett & Driscoll,* for appellants.

WOODS, JUDGE:

This appeal arises out of a suit to remove cloud from title, instituted in the circuit court of Greenbrier county, in 1911,

by Hominy Creek Land Company against C. L. McClung, Amanda McClung, his wife, Gauley Coal Land Company, claiming mineral rights under deed from C. L. McClung, and other persons to whom the timber on the land in controversy was conveyed by C. L. McClung. The cause was finally submitted in 1922 by an order duly spread upon the record, and a final decree entered of record in the cause on the 28th day of November, 1925.

On May 12, 1926, the heirs at law of C. L. McClung, deceased, pursuant to notice duly executed, made a motion, under Sec. 1, Ch. 134, Code, suggesting the death of said McClung on the 31st day of March, 1923, and praying that they be made parties and permitted to make defense in the above styled cause. This motion was resisted by the plaintiff. The circuit court entered an order on the same day directing that the final decree of the 28th day of November, 1925, be corrected and entered as of the 16th day of January, 1923, that being the first day of the January term of said court, and a day prior to the death of said McClung.

Appellants (Gauley Coal Land Company and Amanda McClung, defendants to the original suit, and the said heirs at law of C. L. McClung, deceased, several of them being defendants to the original suit) allege that the circuit court erred in not reviving the cause against petitioners, as heirs at law of the late McClung, and permitting them to answer, and, further, in refusing to set aside and reverse the decree of November 28, 1925, finding for the plaintiff and directing the relief prayed for in his bill.

The motion of the petitioners, which is supported by affidavit, recites the fact of McClung's death, and that decree adjudicating the matters in controversy has been entered of record since that date, and then prays that said petitioners be made parties defendant as the heirs at law of said McClung. The plaintiff resisted said motion. The affidavit filed on the plaintiff's behalf alleges the fact to be that the cause was finally submitted to the circuit court at a date prior to the death of said McClung. This fact is corroborated by orders spread upon the record of the court stating that the cause

had been so submitted. Under our holding in the case of
*Lively* v. *Griffith,* 84 W. Va. 393, the circuit court had a right
to enter a *nunc pro tunc* decree to take effect as far back as
the date of submission. Such procedure is sanctioned on the
theory that the time taken by the court for deliberation will
not be allowed to work injustice to the party who was entitled
to prevail in the suit. 1 Freeman Judg. §§ 122, 124; *Mitchell*
v. *Overman,* 103 U. S. 62; *Ninde* v. *Clark,* 62 Mich. 124;
*Lively* v. *Griffith, supra.* The circuit court, under the above
authority, properly directed that the final decree be en-
tered as of the first day of the January 1923 Term, to-wit,
January 16th.

The main issue raised in this suit was the title to 242 acres
of land lying within interlocking boundaries. Plaintiff and
his predecessors in title claim under the Andrew Moore patent
of 11,300 acres (1793), while defendants claim under the
David Hanna patent of 834 acres (1844). "Where one grant
conflicts in part with another, occasioning an interlock, the
elder patentee under his grant acquires at once constructive
seisin in deed of all the land embraced within its boundaries,
although he has taken no actual possession of any part thereof.
The junior grantee, under his grant, acquires similar construc-
tive seisin in deed of all the land embraced by his boundaries,
except that portion within the interlock, the seisin of which
has already vested in the senior grantee. Where, in the case
of conflicting grants, the junior patentee settles upon that
portion of the land within the interlock, claiming the whole
within his boundary, he thereby ousts the senior patentee of
his constructive seisin and becomes actually possessed to the
extent of his grant. Here possession of part is possession of
the whole. But if his settlement is outside of the interlock,
the possession of part is to be construed in reference to the
conflict of boundaries, and, with whatever claim it be taken,
it gives him possession of that part of the land only lying
without the interlock. To overcome the constructive seisin in
deed of the senior patentee and work an ouster, there must
be an actual invasion of his boundary by some act or acts
palpable to the senses and which would serve to admonish him

that his seisin is molested.'' *Green* v. *Pennington,* 105 Va. 801; *Sutherland* v. *Gent,* 121 Va. 643. So, in order for the senior patentee to be ousted of his constructive possession of the interlock, adverse possession, continued for the statutory period after the date of the grant, must be established. In the instant case both the plaintiff and the defendants show good paper title running back to the original patents. Their properties have been duly entered for taxation. The question, therefore, resolves itself into this: Have the defendants shown adverse possession of the land lying within the interlock, under their color of title, for ten consecutive years? The evidence is conflicting on this point. While the defendants sought to show that they had inclosed the interlock and had actually entered upon and held the same by adverse possession, their own witnesses show that the alleged log fence inclosed a much larger boundary of land than that included in the interlock. The territory within this larger boundary, which was shown to have been but partially enclosed by said log fence, was used by McClung for the purpose of ranging cattle, and it is clear that it was not his intention by reason of this inclosure to claim the land within the interlock, because title is asserted to no other part of this ranging territory. Defendants have not shown by conclusive proof that they have ever had such possession of the interlock as required under the law. They have not borne the burden cast upon them. *Chilton* v. *White,* 72 W. Va. 549; *Pardee* v. *Johnston,* 70 W. Va. 347. On the contrary, the plaintiff introduced evidence to the effect that in 1903 there was no evidence of possession of any kind upon the interlock, and that shortly thereafter his predecessors entered thereon and built a cabin, and took actual possession, and that they have ever since been in possession of the interlock. Under the existing state of facts, we do not feel warranted in disturbing the finding of the lower court. The decree will therefore be affirmed.

*Affirmed.*