KOEHLER ET AL. v. THE CENTENNIAL MUT. LIFE INS. CO. ET AL.

1. **Life Insurance**: CONSTRUCTION OF POLICY AS TO BENEFICIARIES.
The policy in this case provided that the proceeds should "be paid to
his wife, Maglien Koehler, and children,"—the word "his" referring
to the assured. The assured had children by a former wife, and one
child by his wife Maglien, and she had one child by a former husband.
The question arose as to which of all these children were entitled to par-
ticipate in the benefits of the policy. *Held* that the word "children" in
the policy meant the children of the assured by his first and second wife,
but did not include the child of his second wife by her first husband.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, JUNE 5.

THIS action involves the question of the proper distribution
of the avails of a life insurance policy. The circuit court
held that the plaintiffs were entitled to the whole of the pro-
ceeds of the policy, and defendants appeal.

*Smith, Carson & Harl*, for appellant.

*Frank Shinn*, for appellees.

*Newman & Blake*, for the insurance company.

ROTHROCK, J.—The policy of insurance was upon the life of
George H. Koehler, who died on the twenty-sixth day of
October, 1883. In his early life he was married to Margaret
Knauf, now deceased. There were five children the issue of
that marriage. After the death of his first wife he married
Maglien Koehler, plaintiff herein. Said Maglien Koehler,
prior to her marriage with George H. Koehler, had been mar-
ried to one Kale, by whom she had one child, who is now liv-
ing, and who intervened in this action. There were two
children the issue of the marriage of George H. Koehler and
Maglien Koehler, to-wit, Robert Koehler, plaintiff herein, and

another who died November 15, 1879. On the tenth day of April, 1877, George H. Koehler procured to be issued to him a policy upon his life, of which the following is a copy: " The Centennial Life Association, in consideration of the representations and agreements in the application therefor, and the sum of $14 in hand paid, and the further sum of $3.50 to be paid on the first day of November of each year hereafter, does hereby issue this policy to George Henry Koehler, of Macedonia, Pottawattamie county, Iowa, with the following agreement: On the death of said George Henry Koehler, he having conformed to all conditions hereof, and on satisfactory proof of said death having been filed with the secretary of the association, an assessment shall be made on all policy-holders of the association, according to the policy held by each, for as many dollars as there are policy-holders. * * * And the sum collected on such assessments (less the added cost for collection) *shall be paid to his wife, Maglien Koehler, and children,* or their legal representatives, at the office of said association in Burlington, within ninety days from the filing of said proof of death." A few days before his death Koehler made his last will and testament, by which he directed that all of his just debts should be paid out of the proceeds of the life insurance policy.

The plaintiffs claimed that they were entitled to all of the money. The five children by the first marriage claimed that they were entitled to share in the distribution. Frank Kale, the child of Maglien Koehler by her first husband, claimed that he was entitled to a share, and the executor of the last will and testatment claimed that he was entitled to the money by virtue of the will. The court held that the whole of the proceeds should be paid to Maglien Koehler, the widow, and to Rober Koehler, the child of the second marriage. Frank Kale and the executor did not appeal, and the question to be determined is whether the policy should be construed to be for the benefit of the widow and all of the children of the deceased, or for the exclusive benefit of the

widow and her child, the issue of her marriage with the deceased.

It appears from the record that all but one of the children by the first marriage were adults at the time the policy was procured. Some of them were married. But it does not appear, by the will or otherwise, that deceased at any time made any advancements to his elder children. It is not shown what property he owned at his death, nor at any other time. By his will he gave to his wife eight acres of land and one-third of all his other property, and divided the residue among the five children by his first wife, and Frank Kale, the child of his wife by her first marriage. If there is anything to be gathered from the will as to the intention of the deceased, it is that the proceeds of the policy should be used for the benefit of his wife and his children by his first marriage, and Frank Kale, his step-son. It would have this effect, because, by discharging the indebtedness with the avails of the policy, the amount to be distributed to the devisees would be increased.

It is conceded that the provision of the will directing the avails of the policy to be used in discharging the indebted-ness is inoperative, and, as the policy was written more than six years before the will was made, the provisions of the will can be regarded as of very little consequence in determining who should be designated as beneficiaries under the policy. Indeed, there is nothing in the record to aid in the construction of the policy, and it must be construed by the language employed in the instrument. It provides that the proceeds "shall *be paid to his wife, Maglien Koehler, and children.*" If we were to construe these words as meaning Maglien Koehler and *her* children, it would include not only her child by her second marriage, but it would also include Frank Kale, her child by her first marriage. Such a construction cannot, we think, be the true one. It is not to be supposed that the deceased intended at that time to make Frank Kale the object of his bounty to the exclusion of his own children.

The word "their" cannot be held to be the proper one to des-ignate the children, because it is an improper form of expres-sion. In order to sustain the interpretation of the circuit court, it is necessary to make the instrument read as follows: "*to his wife Maglien Koehler and her children by him.*" We do not think this is the plain and natural construction of the language. We think it should be to his wife and his children. This, it appears to us, is not only the plain and obvious construction, but it accords with the grammatical sense of the words. If the words were "his wife and chil-dren," there would be no doubt that the meaning would be his wife and his children. The name of the wife, Maglien Koehler, is thrown in as descriptive of the person, and not as designating whose children are intended.

Of course we can have no aid from adjudged cases in determining the question. We think that all of the children of the deceased should be included in the distribution.

REVERSED.