S. McDERMOTT ET UX., Respondents, v. CENTENNIAL MUTUAL LIFE ASSOCIATION ET AL., Appellants.

### St. Louis Court of Appeals, January 4, 1887.

1. EVIDENCE—CONTRACTS.—Subsequent declarations of parties to a contract are not admissible to alter or modify the contract, and are not admissible to explain the contract where it affects the rights of third persons.

2. INSURANCE, CONTRACT OF CONSTRUED.—Under a life insurance policy payable to "my wife, Mary, and children," a child of the insured by a former wife is a beneficiary under the terms of the policy.

APPEAL from the Lewis County Circuit Court, WILLIAM G. DOWNING, Special Judge.

*Affirmed.*

Blair & Marchand and J. G. Blair, for the appellants.

Anderson & Schofield and George Ellison, for the respondents.

Thompson, J., delivered the opinion of the court.

Elijah Logsdon took out a policy of insurance on his life in the Centennial Mutual Life Association of Iowa. In the application for the policy the persons named as the beneficiaries were described as "my wife, Mary C. Logsdon, and children." In the policy itself it is recited that, "the sum collected on such assessments (less the added cost for collection) shall be paid to his wife, Mary C. Logsdon, and children, at the office of the said association at Burlington, within ninety days from the filing of said proof of death." Mary C. Logsdon was the second wife of Elijah Logsdon, and by her he had four children. He also had one child, Susan, by a former wife. This child was, at the time of his death, an adult, and was married to Patrick H. McDermott. Upon his death the question arose whether Susan was entitled to share in the policy with the children of the deceased by his second wife. The insurance company, being in doubt, assumed that she was so entitled, and so paid to the widow and her four children, the amounts to which they would be entitled upon this assumption, reserving enough to pay the share of Susan in case it should be decided that she was entitled to it. Susan brought this action against the insurance company for her share. The company answered, stating that it had brought the amount of her share into court ($156.50), and praying that she and the other beneficiaries be required to interplead for the fund. This prayer was granted. The other beneficiaries were properly brought into court, have interpleaded for the fund, and, upon the trial of the issue so made up, the circuit court has given judg-

ment in favor of the plaintiff, Susan, from which this appeal is prosecuted.

Two questions arise upon the record : (1) Whether the court erred in excluding evidence of the declarations of the assured, made subsequently to the taking out of the policy, to the effect that he intended it for the benefit of his wife, Mary C. Logsdon, and his children by her. (2) Whether, upon the interpretation of the language of the application and the policy (which are to be taken together, it is assumed, as one contract), the court rendered the correct judgment. We are of opinion that both of these questions must be answered in favor of the plaintiff.

I. Upon the plainest principles, the subsequent declarations of the assured could not alter the terms of the contract. Aside from the general principle that one party to a contract can not, by parol declarations *in pais*, change the contract, it is settled in this state that a person whose life is thus assured, can not, by such parol declarations, affect the rights of a beneficiary in the policy. *Evers v. Life Association*, 59 Mo. 432 ; *Ried v. Piedmont & Arlington Life Association*, 58 Mo. 421. It is not necessary to decide whether or not there is such a latent ambiguity in the description of the beneficiaries in this policy as would authorize the admission of parol evidence for the purpose of explaining it. All that we decide is that the declarations of the assured, made to third persons subsequent to the taking out of the policy, were not admissible for that purpose.

II. Upon the question of the interpretation of the policy, we have no doubt that the words " and children " are to be understood to mean all the children of the assured. *Koehler v. Life Insurance Co.*, 66 Iowa, 325 ; s. c., 23 N. W. Rep. 687. In the absence of an expression of a purpose to limit the benefit to a particular class of his children, it must be held, on the plainest principles, that the assured intended to extend it to all his children. It would be so held in the interpretation

of a will ; and a policy of life insurance, being a *post mortem* provision for persons dependent upon the assured, is to be interpreted upon similar principles.

The judgment will be affirmed. It is so ordered. All the judges concur.