## Hauer's Estate.

*Will—Construction—" Survivors "—Gift to children.*

Testatrix by her will directed that her estate should be converted into money, and divided amongst her seven children, naming them. She further directed " in case any of my said children shall be deceased at the time of my death then the share to which she or he would be entitled if living, shall be equally divided to and among the issue of such deceased child; and in case such deceased child shall have left no such issue surviving, then the share to which he or she would be entitled, if living, shall go to the surviving brothers and sisters, their heirs or legal representatives." Testatrix had another child, a son, who died in her lifetime, prior to the date of the will leaving a widow and children. One of the daughters named as legatee died prior to the death of testatrix unmarried and without issue. *Held*, that the widow and children of the deceased son were not entitled to share in the distribution of the estate of the testatrix as heirs or legal representatives of the deceased daughter.

Argued Oct. 24, 1900. Appeal, No. 73, Oct. T., 1900, by Catherine G. Hauer, from decree of O. C. Lebanon Co., Jan. T., 1900, No. 4, dismissing exceptions to auditor's report in the estate of Susan L. Hauer, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of John S. Louser, Esq., auditor.

From the record it appeared that the testatrix died on July 10, 1897, after having made her last will and testament in writing, bearing date February 15, 1893, and leaving to survive her six children, viz: Jacob L., John W., Harry G., Catherine, Susan and Eliza. Mary Ellen Hauer, a deceased child of testatrix, died on December 14, 1896, of full age, unmarried and without issue.

William H. Hauer, a deceased son of testatrix, died on January 21, 1881, leaving to survive him a widow and children, the appellants.

The testatrix, after making provision for the payment of debts, funeral expenses and special legacies, disposed of her residuary estate as follows : " All the rest, residue and remainder of my estate of whatsoever nature or kind the same may be, I order and direct to be converted into money by my executors and divided into seven equal shares which I give and bequeath.

as follows: One share to my son Jacob L. Hauer, one share to my daughter, Kate S., wife of M. W. Reinoehl; one share to my daughter Susan R. Hauer; one share to my daughter Mary Ella Hauer; one share to my son John W. Hauer; one share to my daughter Eliza Hauer, and one share to my son Harry G. Hauer. In case any of my said children shall be deceased at the time of my death then the share to which he or she would be entitled, if living, shall be equally divided to and among the issues of such deceased child; and in case such deceased child shall have left no such issue surviving, then the share to which he or she would be entitled, if living, shall go to the surviving brothers and sisters, their heirs or legal representatives."

A claim was made on behalf of the widow and children of William H. Hauer before the auditor, that under the provisions of the will of the testatrix, they were entitled to receive the one-seventh part of the share of the estate bequeathed to Mary Ella Hauer, the amount so claimed by them being $816.04. The contention of the claimants was that William H. Hauer, having been a brother of the legatees named in the will, his heirs and legal representatives were entitled to their pro rata share of the bequest to Mary Ella Hauer, who died leaving no issue surviving.

The auditor disallowed the claim.

The court in an opinion by EHRGOOD, P. J., dismissed the exceptions to the auditor's report.

*Error assigned* was in dismissing exceptions to the auditor's report.

*George B. Woomer*, for appellant.—The maxim is imbedded in the common law that an heir can be disinherited only by express devise or necessary implication, and that implication has been defined to be such a strong probability that an intention to the contrary cannot be supposed: Bender v. Dietrick, 7 W. & S. 284; Cowles v. Cowles, 53 Pa. 175; Faulstich's Est., 154 Pa. 188; Weidman's App., 42 Legal Int. 338; Hancock's App., 112 Pa. 532; Gibbon's Executor v. Fairlamb, 26 Pa. 217; Buzby's App., 61 Pa. 111.

The word "surviving" used by the testatrix does not by legal implication exclude the heirs of William H. Hauer from

coming in for the share bequeathed to Mary Ella Hauer: Lapsley v. Lapsley, 9 Pa. 130; Lewis's App., 18 Pa. 318; Gantz v. Tyrrell, 7 Pa. Superior Ct. 249; Buzby's Appeal, 61 Pa. 111; Stewart's Estate, 147 Pa. 383; Jones v. Strong, 142 Pa. 496; Sheetz's Appeal, 82 Pa. 213.

*F. E. Meily*, for appellees.—The component parts of the residuary clause must be thus considered together, and the only reasonable construction to be placed upon its language is that the seven children named, alone, constituted the class from which survivors could spring: Hough v. Hough, 4 Rawle, 363; Dickinson v. Lee, 4 Watts, 82.

The construction of the will must be made upon the entire instrument and not merely upon disjointed parts of it: Lynn v. Downes, 1 Yeates, 518; Turbett v. Turbett, 3 Yeates, 187; Mohn's Appeal, 76 Pa. 92; Schott's Est., 78 Pa. 40; 2 Williams on Executors, 1155.

OPINION BY RICE, P. J., February 14, 1901:

According to the natural interpretation of the residuary clause, it would seem that the share of a legatee dying without issue would go to the brothers and sisters surviving him or her, and, in case of the death of any of them before the death of the testatrix, the heirs and legal representatives of such surviving brother or sister, who would take by representation. Under this interpretation the children of William H. Hauer, he having died before the date of the will, do not answer the description. But it is urged that, in order to avoid a construction which disinherits them, it is allowable to read the word " surviving " as meaning " other," or to omit it altogether, in which case, says counsel, the issue of William would take by representation. The case of Lapsley v. Lapsley, 9 Pa. 130, which is supposed to give countenance to this construction, seems to us to fall short of sustaining his contention. As remarked in later cases that case was decided ". under its peculiar circumstances," and because the conclusion that would be reached by interpreting the will according to the usual meaning of the word "survivors" would be (we now quote from the opinion) " unsustained by the intention properly imputable to the devisor, who, in the absence of ex-

press direction or an equivalent implication, ought not to be suspected of a design to disinherit the issue of those who had fulfilled the principal condition annexed to the gift.   To avoid such a result the word 'survivors' in the connection in which it is here found, has been construed to mean ' others,' so as to let in the issue of the first takers."   Even if, as is suggested in the opinion of the learned judge of the court below, the case cited would be authority for a construction of the present will which would let in the issue of one of the first takers dying before the legatee dying without issue, it would not help the appellant's case.   In doubtful cases the courts favor that construction which, consistently with the words of the instrument, will result in a disposition in conformity to the general rules of inheritance, rather than one which will disinherit an heir at law.   But we do not regard this as a doubtful case.   It is only by assuming that the testatrix did not mean what her words mean, that doubt can be raised.   But there is nothing in the context which warrants such assumption.   Her " actual, personal and individual" intent is clear and must control : Tyson's Estate, 191 Pa. 218 ; Thran v. Herzog, 12 Pa. Superior Ct. 551.   It seems to be a case where the terse remark is applicable, " It is a rule of common sense as well as law not to attempt to construe that which needs no construction : " Reck's Appeal, 78 Pa. 432.

The decree is affirmed and the appeal dismissed at the costs of the appellants.