STATE LIFE INSURANCE COMPANY, Respondent, v.
SUSAN A. REDMAN et al., Respondents; HENRY
B. RICHARDSON, Guardian, et al., Appellants.

**Kansas City Court of Appeals, December 2, 1901.**

1. **Life Insurance: BENEFICIARIES: CHILDREN: CONSTRUC-
TION.** Deceased took out a policy on his life payable to "his wife
and their surviving children share and share alike." The applica-
tion designated the beneficiaries as "S. A. R. and bodily heirs," and
their relationship to assured as "my wife and children." S. A. R.
was his second wife and he had children by his former wife. *Held,*
all the children of both marriages were beneficiaries, since there ap-
pears in the policy no purpose to limit the benefits to the children
of his second wife.

2. **Construction: GRAMMAR: INTENT.** Courts do not interpret
doubtful expressions in a writing by rules of grammar, but endeavor
to ascertain the intent of the maker by reference to his surroundings
and by a comparison and analysis of the entire contents of the in-
strument.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,*
Judge.

REVERSED *(with directions).*

*Wallace & Miller* for appellant.

(1) A rational interpretation of the contract of insurance
must necessarily lead to a different construction than that
placed thereon by the trial court. 2 Parsons on Contracts (6
Ed.), secs. 500, 501. (2) The term "children" as used in
the contract of insurance embraces the children of insured by

a former wife as well as those of the widow here interpleading. Gates v. Seibert, 157 Mo. 254; Aubuchon v. Bender, 44 Mo. 560; 2 Jarmon on Wills, sec. 1005. (3) In order that the children of insured by a former marriage should be precluded from sharing in the proceeds of their father's life insurance, an express intention to that effect on the part of insured, or facts from which such an intention may reasonably be inferred, must appear. Neither can be found in this case. McDermott v. Life Association, 24 Mo. App. 73; Stigler v. Stigler, 77 Va. 163; Koehler v. Ins. Co., 66 Iowa 325. (4) The rules applicable to the construction of wills are properly applied to the interpretation of contracts of life insurance which contain words of doubtful import. Gates v. Seibert, 157 Mo. 254; Hurst v. Von De Veld, 158 Mo. 239; Murphy v. Carlin, 113 Mo. 112; McDermott v. Life Association, 24 Mo. App. 73.

*Crawley & Son* for respondents.

(1) The words "their children" in a policy payable to "Susie A. Redman, his wife and their surviving children," obviously mean children common to both parents. Evans v. Opperman, 76 Tex. 293, 13 S. W. 312; Lockwood v. Bishop, 51 How. Pr. 221. (2) If anything were needed to confirm this conclusion it is found in the application of the insured in which he says "the full name of the person to whom said insurance is payable (beneficiary) is Susie A. Redman and bodily heirs." (3) None of the authorities relied on by appellants are in point. The nearest approach to a case in point cited in their brief is that of Stigler v. Stigler, 77 Va. 163, and in that case the decision was based on a state of facts entirely absent here, as pointed out in Evans v. Opperman, supra.

BROADDUS, J.—On the thirteenth of May, 1899, John Richard Redman obtained from the plaintiff insurance company a policy on his life for the sum of $5,000, payable at

his death to the beneficiaries therein named.    He died on the twenty-ninth of October of the same year leaving surviving him his wife, Susan A. Redman, and Sallie G. Redman and Richmond Redman, children of the said Susan A., and Martha M. Redman and John K. Redman, children by a former marriage.    All of said children are presumed to be minors as they appear in this case by their guardians.    The plaintiff insurance company brings this case to settle a controversy as to whom should be paid $2,000 of said insurance money.

Susan A. Redman and her two children, Sallie G. and Richmond E. Redman, claim that they are entitled to all of said insurance money, while Martha M. and John K. Redman claim that they are each entitled to one-fifth of the same.    All the parties appeared in the trial court where the case was tried by agreement without formal pleadings.    The controversy arises on a construction of the language of the policy.    The circuit court held that under the terms of the policy the whole of the insurance money went to Mrs. Susan A. Redman and her two children, Sallie G. and Richard E. Redman, from which holding the two children of the deceased by former marriage, Martha M. and John K. Redman, have appealed.

For a proper understanding of the question involved it becomes necessary to quote literally certain parts of said policy of insurance and the application which is expressly made a part of the same, viz.:    "The State Life Insurance Company of Indiana:    In consideration of the application for this policy which is a part of this contract insures the life of John Richard Redman of Dalton P. O., county of Chariton, State of Missouri, herein designated the insured, in the sum of five thousand dollars; and does promise to pay the amount of said insurance to Susie A. Redman his wife and their surviving children share and share alike, if living, otherwise to the legal representatives or assigns of said insured," etc.    In the application the deceased used the following language:    "The full name of the person to whom the insurance is payable (benefi-

ciary) is Susie A. Redman and bodily heirs" and "The relationship to me (the person proposed for insurance) is my wife and children."

Upon principle this case is like that of McDermott v. Life Ass'n, 24 Mo. App. 73, wherein it was held, where the beneficiaries were described in the application for insurance as "my wife Mary C. Logsdon and children," that the proceeds of insurance should go to all the children of the assured including those by a former wife. Judge THOMPSON who delivered the opinion of the court said: "In the absence of an expression of a purpose to limit the benefit to a particular class, it must be held on the plainest principles that the assured intended to extend it to all his children." The court likened it unto a will, to be determined upon similar principles, and quotes with approval Koehler v. Life Ins. Co., 66 Iowa 325. The expression in one of "Susie A. Redman and bodily heirs" and in the other "My wife, Mary C. Logsdon, and children" are synonymous in the sense in which they are used, for if the term "and children" refers to the children of the assured, the term "and bodily heirs" refers also to the assured. The application also in describing the relationship of the beneficiaries to the assured uses this language: "The relationship of the beneficiary to me is my wife and children."

An examination of the policy and the application fails to disclose "an expression of a purpose" to "limit the benefit of the insurance to the children by his last wife." It can not, in view of what has been said, be held that the words "their children" as used in the policy means children common to both parents. It has been held that the same words used under similar circumstances meant all the children of the assured. Stegler v. Stegler, 77 Va. 163.

Courts as a rule do not seek to interpret a doubtful expression in a writing by the rules of grammar, but rather endeavor to ascertain the intent of the maker by reference to his surroundings and by a comparison and analysis of the entire

contents of the instrument. Tested by this rule, we believe that the true meaning of the policy and the application taken together is that the assured intended to provide for all his children. The cause is therefore reversed, with directions to set aside the former judgment and to enter one in conformity to this opinion. All concur.