SCULL v. AETNA LIFE INS. CO.

(Filed February 24, 1903.)

INSURANCE—*Life Insurance—Beneficiaries—Children born after issuance of Policy.*

Where children are born after the issuance of a life policy payable to the children of the insured, they take as beneficiaries *pro rata* with the children previously born.

ACTION by Bismarck Scull and others against the Ætna Life Insurance Company, heard by Judge *George A. Jones,* at November Term, 1902, of the Superior Court of BERTIE County. From a judgment for the defendants, the plaintiffs appealed.

*St. Leon Scull* and *Francis D. Winston,* for the plaintiffs.
*George Cowper,* for the defendants.

WALKER, J.     This case comes to this Court by appeal from the judgment of the Court below upon a case agreed on by the parties. It appears that in the year 1869 a policy of insurance was issued by the defendant company to Mrs. Nannie Walton, widow of James Walton, by which her life was in-

sured for the benefit of her children, she then having three children, the defendants, Jimmie Flythe and Lily W. Scull and Nannie Nichols, the intestate of the defendant, E. L. Smith.

In the year 1870 Mrs. Nannie Walton married E. D. Scull, and the issue of that marriage were Bismarck Scull, born in March, 1871, and Von Moltke Scull, born in the year 1874, who are plaintiffs in this case.

On the 9th day of April, 1873, Mrs. Nannie Walton, then Mrs. Scull, surrendered the said policy and received from the company in lieu thereof a paid up policy for the sum of $712, which was issued in the name of Nannie Walton, although she was then Mrs. Scull, and was payable to her children within ninety days after due notice and proof of her death. She died in the month of March, 1902, her husband, E. D. Scull, having predeceased her. The company paid the money due upon the last policy into Court, under its order and by agreement of the parties, to await the decision as to the distribution of the fund.

The plaintiffs contend, upon the foregoing facts, that they are each entitled to one-fifth of this fund, and the defendants resist this contention and claim the whole, so that the question presented is, whether the children of the first marriage are the sole beneficiaries under the policy or are the children of the second marriage entitled to participate ratably with them in the fund now in Court. The Court below held that the children of the first marriage were entitled to the fund to the exclusion of the children of the second marriage, and entered judgment accordingly, and in this ruling we think there was error.

It was contended by counsel for the plaintiffs, on the argument before us, that Bismarck Scull was surely entitled to share in the avails of the policy, as he was born before the last policy was issued, but, in the view we take of the case, it is not necessary to consider this question.

A policy of insurance is essentially like a gift by will, the only difference being that in the case of a policy of insurance the beneficiary acquires a vested interest when the policy is delivered, which becomes vested in possession or enjoyment at the death of the assured; while in the case of a gift by will the interest does not vest until the death of the testator. In other respects, and for all practical purposes, they are alike. If a bequest is made to A for life, with remainder to his children, those *in esse* at the death of the testator take a vested estate, which will open, however, and let in any after-born child during the life of A; and so it is with a policy of insurance payable to children, the interests of the beneficiaries become vested at the time of the delivery of the policy or when it takes effect, as a contract between the company and the assured, as to those then *in esse,* but will open and let in any after-born children, and, in this case, whether of the first or second marriage. If they come within the general description, they will share under the policy.

The interests are said to be vested, but not in the sense that the children then *in esse* will take exclusively, but rather in the sense that the interest of any one of the children, already vested, shall not be divested by his or her subsequent death, and the share of such deceased child will go to his or her personal representative. The late Chief Justice Smith evidently had this distinction in mind, when in the case of *Hooker v. Sugg,* 102 N. C., 115; 3 L. R. A., 217; 11 Am. St. Rep., 717, which is relied on by the defendant's counsel, he used the following language: "So, if *children* be designated in a life policy as beneficiaries, the interest *vesting at once* is in such as then meet the description, and is not divested in favor of survivors by a death afterwards." He certainly did not intend by that language to say that after-born children would be excluded and those *in esse* at the time of the delivery of the policy would be the sole beneficiaries. This is made perfectly

clear by the following passage taken from the opinion: "It is unnecessary to consider the possible effect of a future marriage upon the interests of the children, since the event did not take place." 102 N. C., 120. So that the question presented in this case and stated hypothetically by the Chief Justice in that case, was left open for consideration and adjudication when it should arise.

It seems to us that the question has virtually been settled in favor of the plaintiffs by the case of *Coningland v. Smith,* 79 N. C., 303, in which it is held, that a policy of insurance for the benefit of children, like a gift by will to them, will vest in interest in the children then *in esse,* at the time of the delivery of the policy or when the contract of insurance is complete, but will open and let in any after-born children during the life of the assured. As in the case of wills, a policy of insurance should receive a liberal construction, so as to take in as many of the objects of the assured's bounty as possible. 3 Am. and Eng. Enc. Law (2d Ed.), 961, 964. This, in our opinion, is the just and reasonable rule of interpretation. The question seems to have frequently been under consideration by the courts of some of the other States. In *Koehler v. Ins. Co.,* 66 Iowa, 325, the policy upon which the suit was brought was payable to the assured wife and children, there being at the time children by a former marriage; and it was held that the children of both marriages were entitled to share in the avails of the policy. Upon a substantially similar state of facts to those in this case it was held, in *McBermott v. Life Asso.,* 24 Mo. App., 73, that in the absence of an expression of a purpose to limit the benefit to a particular class of children, it was clearly the intention of the assured to exend it to all his children, and that this intention should prevail. "It would be so held," says that Court, "in the interpretation of a will; and a policy of insurance being a *post mortem* provision for persons dependent upon the

assured is to be interpreted upon similar principles." In *Thomas v. Leake,* 67 Tex., 471, the Court held that under the construction the law gives to the word "children," as used in policies of insurance, it does not mean certain *named* children then in existence, but these together with such as may thereafter be born to the assured. (See also *Stigler v. Stigler,* 77 Va., 163; *U. S. Trust Co. v. Ins. Co.,* 115 N. Y., 152; *Ricker v. Ins. Co.,* 27 Minn., 193; 38 Am. Rep., 289.)

We have carefully examined the authorities cited by the learned counsel for the defendants, and are unable to see that they militate against the views we have expressed. In the case of *Ins. Co. v. Baldwin,* 15 R. I., 106, so much relied on by him, the policy was payable to the wife and children of the assured, and the Court held that the children living at the time the policy was delivered were entitled to the money due thereon, to the exclusion of after-born children, but the Court placed its decision upon the ground that the wife was a joint beneficiary with the children. We do not think this fact was sufficient to change the general rule of construction in its application to the facts of that case, but however this may be, the Court clearly intimates that the decision would have been different if the name of the wife had been omitted and the policy had been payable to the children as a class. "Possibly," says the Court, "if the policy had been expressed to be for the benefit of the children only, the doctrine in respect of testamentary bequests to children payable *in futuro,* namely, that the bequests are payable to them as a class, and that the class will open to let in after-born children to participate in the bequests, might be applied." This is a statement of our case, and a strong intimation that the rule of construction which we have laid down should apply to it.

In *Herring v. Sutton,* 129 N. C., 107, also cited by defendant's counsel, the beneficiaries were designated by name, and it necessarily followed that those children who were thus

named took a vested interest in the policy, to the exclusion of all other children, for the intention to restrict the benefit of the policy to them was clearly expressed.

It was suggested that the assured had no legal right to surrender the old policy for the new, but we do not think that this should change the rule of construction. Indeed, if the second policy had not been issued, and the money had been paid under the first, the result would be the same. The first policy was payable to the children, and this, as we have already shown, includes after-born children. The change, therefore, from the one policy to the other, whether it was in law a continuation of the old policy or a substitution of the new one for it, is immaterial.

Upon a review of the whole matter, we think there was error in the ruling and judgment of the Court below, and that judgment should be entered in that Court for the plaintiffs in accordance with the agreement of the parties.

PER CURIAM:   Judgment Reversed.