### LIFE INSURANCE—POLICY LAPSES TO INSURED.

[Hamilton County Court of Common Pleas.]

ROTHERT v. MUTUAL BENEFIT LIFE INSURANCE COMPANY.

A policy of insurance on the life of an husband, taken out by his wife in 1869, and payable at his death to her or to "their children," lapses to him and his child by a previous marriage, at her prior death without issue by the present marriage, and her child by a former marriage does not participate.

August Rothert and Maria Jacobi were married in Cincinnati during the year 1868. They each had a child by a former marriage (Otillia Rothert and Edward Jacobi), and these children are both still living. The year following the marriage, the wife took out a policy of $5,000 on the life of her husband, in the defendant company, which was made payable at his death to her or "their children or their guardian." The premiums were paid by the husband during the entire time that has intervened, and the wife having died without issue by him, he sought in the present action to compel a transfer of the policy to him, or to such person as he might designate, as his sole and exclusive property, by reason of the failure of the original beneficiary to survive him, or to bear children by their joint marriage. Edward Jacobi, the step-son, opposed the transfer.

Judge Murphy, before whom the case was tried, after full consideration, but without report, held that the policy lapsed to

---

[3] The liability of Michael Hoffmann under this judgment is $43,000.

the husband and his own child.  This was the construction of the policy for which the insurance company had also contended

The case will not be prosecuted further.

. Gustav R. Werner contended for the plaintiff and his daughter that the words "their children" should be taken in the restricted sense—that is as designating only children born to August and Maria Rothert, otherwise the children of former marriages would have been named in the policy; the word "their" means children of the then existing marriage, 51 Howard's N. Y. Practice Reports, 221, and Evans v. Oppenheimer, 76 Texas, 293; also, by analogy, Koehler v. Life Insurance Co., 66 Iowa, 325; 2d Jarmyn on Wills, 162, 167, and Ryan v. Rothweiler, 50 O. S., 595; Insurance Co. v. Hamilton, 41 O. S., 274; Mitchner case, 30 Bull., 120; Frank v. Bauman, 35 Bull., 59; Traveller's Insurance Co. v. Meyers, 62 O. S., 529; Lounsbury v. Richardson, 36 Bull., 59.

E. S. Aston for the step-son argued: that the policy was the sole property of Maria Rothert, Loper v. Paxton, 48 O. S., 266; and was beyond the control of the husband or his creditors, Life Insurance Co. v. Applegate, 7 O. S., 296; nor is the legal effect of the contract overcome by the fact that the husband paid the premiums, Lockwood v. Bishop, 51 How's Practice, 221; and continued to pay them after the wife's death, Bliss on Life Insurance (2d Ed.) Sec. 325; and if there is a failure of beneficiaries all the children share in the proceeds, Stigler v. Stigler, 77 Va., 163; Greenfield v. Life Insurance Co., cited in Bliss on Life Insurance (2d Ed.), 572.