## Lehman, Appellant, v. Lehman.

*Partition—Appeals—Statute of limitations—Act of April 22, 1856, P. L. 532—Trusts and trustees.*

Where in partition proceedings no question is raised either in the evidence, the master's report, the exceptions thereto, or the opinion of the court below as to whether certain of the parties were barred by the act of April 22, 1856, such question cannot be raised in the appellate court.

*Insurance—Life insurance—Beneficiaries—Children.*

A widower with six children married a widow with one child and had by her two children. After the marriage he took out a policy of insurance payable to "his wife, in trust for herself and their children." There was nothing in the circumstances under which the policy was taken, or in the subsequent conduct of the insured which tended to show that the insured intended to exclude his children by his first wife. *Held*, that the children by the first wife were entitled to share in the proceeds of the policy.

*Will—Construction—Disinheriting heir—Insurance.*

In a doubtful case the courts favor that construction of a will which, consistently with the words of the instrument, will result in a distribution in conformity·to the general rules of inheritance, rather than one which will disinherit an heir at law.

A policy of life insurance, although not a testament, is, like the provisions of a will, to be liberally construed·in favor of the ones who may naturally be presumed to have been the special objects of bounty.

Argued March 14, 1905. Appeal, No. 2, March T., 1905, by plaintiff, from decree of C. P. Cumberland Co., Oct. T., 1902, No. 1, on bill in equity in case of Charles L. Lehman v. David Lehman. Before RICE, P. J., BEAVER, ORLADY, SMITH and HENDERSON, JJ. Affirmed.

Bill in equity for partition of real estate.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree including in the distribution all of the children of David Lehman.

*G. Wilson Swartz*, for appellant.—The mere receipt of the money on the policy, and the obligation to pay it to "their children" raises no such trust as is direct and express, and solely and exclusively cognizable in a court of equity. Therefore the children of the first wife are not entitled to receive a single dollar of the money arising from the sale of the real estate owned by the second wife: Zacharias v. Zacharias, 23 Pa. 452; Barton v. Dickens, 48 Pa. 518; York's Appeal, 110 Pa. 69.

The Act of April 22, 1856, P. L. 532, sec. 6, expressly forbids the enforcement of any resulting trust as to realty, by action instituted after the lapse of five years since the accruing of the trust: McBarron v. Glass, 30 Pa. 133; Clark v. Trindle, 52 Pa. 492.

It has. been repeatedly held in cases of bequests and devises that the term "children" does not include step-children: Estate of Kurtz, 145 Pa. 637; Cyclopedia of Law and Procedure, vol. 7, p. 125, note 39 and cases cited. Neither will it include grandchildren: Horwitz v. Norris, 49 Pa. 213; Castner's Appeal, 88 Pa. 478; Hunt's Estate, 133 Pa. 260; Steinmetz's Estate, 194 Pa. 611. A devise to children will not include an adopted child: Schafer v. Eneu, 54 Pa. 304. "Their children" ordinarily means common issue: Evans v. Opperman, 76 Texas, 293 (13 S. W. Repr. 312). We are therefore left to the conclusion that the daughter of Elizabeth A. Lehman, by her first husband, is excluded. She has not made any claim, although as an heir of her mother she would apparently, and prima facie, be entitled to do so :. Holsen v. Rockhouse, 83 Ky. 233; Evans v. Opperman, 76 Texas, 293 (13 S. W. Repr. 312); Boreham v. Bignall, 8 Hare, 131; Elliott v. Elliott, 117 Ind. 380 (20 N. E. Repr. 264).

*F. E. Beltzhoover*, for appellees.—Questions not raised in the court below in such a way as to require the appellate court to pass upon them will not be considered on appeal: Ulysses Elgin Butter Co. v. Ins. Co., 20 Pa. Superior Ct. 384; Shannon v. Castner, 21 Pa. Superior Ct. 294; Taylor v. Sattler, 6 Pa. Superior Ct. 229; Forrest v. Buchanan, 203 Pa. 454; Henry v. Zurflieh, 203 Pa. 440.

The beneficiary clause in the policy of insurance on the life

of David P. Lehman includes the children of both wives: Jones' App., 48 Conn. 60; Colemans v. Holladay, 6 Munf. 47; Conner v. Ogle, 4 Md. Ch. 425; Amory v. Leland, 94 Mass. 281; Lewis v. Vereen, 1 Brevard, 246; Critchett v. Taynton, 1 R. & My. 541; Stigler v. Stigler, 77 Virginia, 163.

The same ruling exactly is made in Koehler v. Ins. Co., 66 Iowa, 325 (23 N. W. Repr. 687); Evans v. Opperman, 76 Texas, 293 (13 S. W. Repr. 312); McDermott v. Ins. Co., 24 Mo. App. 73; Stigler v. Stigler, 77 Virginia, 163; Wampler's Est., 40 Pitts. L. J. 451; Stopford v. Chaworth, 8 Beav. 331.

There is another authoritative construction which can be placed upon the words of the beneficiary clause in the policy of insurance based on the doctrine that a devise or gift or conveyance to a wife and her children, or to a wife in trust for her and her children, gives the mother a life estate with remainder in fee to the children as a class: Coursey v. Davis, 46 Pa. 25; Hague v. Hague, 161 Pa. 643; Newill v. Newill, L. R. 7 Ch. 253.

OPINION BY RICE, P. J., October 9, 1905:

A suit was instituted in the court of common pleas sitting in equity for the partition of certain real estate, the legal title to which at the time of her death stood in the name of Elizabeth A. Lehman, the widow of David P. Lehman. The proceedings resulted in a sale of the property, and a report by the master awarding the proceeds to the appellant and his brother, they being her children by David P. Lehman, deceased. Exceptions to his conclusions of law were sustained and the report referred back to him with directions to make distribution in accordance with the opinion of the court, which was that each of the appellees,—they being children of David P. Lehman by a former marriage—was entitled to share equally with the appellant. Exceptions were filed by the appellant to the subsequent decree confirming the report made by the master pursuant to the foregoing direction, and after these were dismissed this appeal was taken.

It appears from the master's report that David P. Lehman by his first marriage had six children; that after the death of his first wife he married Elizabeth Moore, the decedent, and had by her two children, who were the plaintiff and defend-

ant in the partition suit; that at the time of this marriage Elizabeth Moore was a widow and had one child by her former husband; and that all of these three sets of children were living when the distribution was made. After his second-marriage David P. Lehman took a policy of insurance upon his life for $5,000, in which the company agreed as follows: "Said company promises to pay the sum insured to Elizabeth A. Lehman, his wife, in trust for herself and their children in equal shares, their guardians, executors, administrators or assigns within sixty days after due notice and proof of the death of the said David P. Lehman." Upon his death the widow received this sum with interest, after making proof of death, in which she stated: "Said policy having terminated by his death on September 26, 1890, is payable to me in trust for myself and our children in equal shares." We mention the fact, but in view of the foregoing we do not regard it as material, that in the receipt she gave the company nothing was said as to the trust. She received the money in October, 1890, and about a month later purchased the house and lot in question and occupied them as her residence until her death in September, 1902. The price paid was $1,500, and the master says that "it was conceded by all parties before the master that this money come from the proceeds of the insurance policy." There is no express evidence as to what she did with the balance of the insurance money. It was stated at bar that she left personal property to the amount of $2,642.55, as shown by the inventory and appraisement filed by her administrator, but whether or not this was made up wholly or in part of the insurance money is a matter concerning which the record before us is silent. The master reported no such finding. It should be noticed also that there is no finding, and no evidence to support a finding, that any portion of the insurance money was paid to the other beneficiaries.

Appellant's counsel claims that the questions involved in this appeal are: first, does the beneficiary clause in the policy of Lehman include only the children of the second wife, or does it include the children of both wives; second, is the limitation prescribed by the act of April 22, 1856, a bar to recovery by the children of Lehman by his first wife; third, should the fund be distributed to Lehman's children by both

his wives? But the appellees' counsel insist that the first was the only question ever raised or discussed in all the proceedings before the master and the court, and that the objection that the right to enforce the trust was barred by the sixth section of the act of 1856, was not raised by exception or otherwise. An examination of the proceedings, including the master's first report, the exceptions thereto filed by the appellees, the opinion of the court sustaining the exceptions and directing how distribution should be made, and the exceptions filed by the appellant to the decree confirming the master's second report confirm us in the conclusion that this position of the appellees' counsel is well taken. The proceedings before the master were free from dispute as to the facts, and it is apparent that the parties brought to his attention only those facts which they then regarded as material in the determination of the single question of law upon which they conceived the case turned. No testimony was taken, but his findings of fact were based on their concessions made at the hearing, and none of them was excepted to or questioned in the court below, so far as this record shows, and none of them was changed in his final report. The master stated in his discussion of the case that the appellees' claim was that the decedent received the insurance money in trust for all the children of David P. Lehman, and as the money was used by her in the purchase of the property, they were entitled to share equally with the children of Elizabeth in the proceeds of sale; that, on the other hand, the appellant and his brother, the two children by the second wife, contended that the trust was limited to them. After thus setting forth the respective contentions of the parties, which, as we have seen, included no reference to the act of 1856, or any other act of limitation, and stating that the child of Elizabeth by her first husband made no claim to any share, the master said: "Upon the construction of the clause in the policy depends the determination in this case." In disposing of the exceptions to his report, none of which disputed the correctness of the master's presentation of the opposing contentions of the parties and the question of law growing out of them, the court likewise treated this as the question upon which the case turned, and this conclusion was not criticised specifically in the exception substantially filed by the appellant. So far as the record shows no suggestion was made by

the court, the counsel, or the master that the right to enforce the trust was barred by the sixth section of the act of 1856, or that that question was involved in the case. Under the special circumstances of the case this question, if it was to be raised at all, should have been raised at a time when possibly it might have been met by evidence, and should not have been held in reserve until the case came into the appellate court. We are not unmindful of the decisions which hold that the act of 1856 is a statute of repose, and need not be specially pleaded. But these decisions do not militate against the conclusion that, as the record shows clearly that the distribution proceedings were conducted before the master and the court upon the theory, acquiesced in by all the parties, that the proper determination of the case depended upon the construction to be given to the beneficiary clause, the case ought to be disposed of here upon the same theory. See Ricketts' Appeal, 9 Sadler's Sup. Ct. Cases, 247; Henry v. Zurflieh, 203 Pa. 440; Safe Deposit Bank v. Schuylkill Co., 190 Pa. 188; Taylor v. Sattler, 6 Pa. Superior Ct. 229; Troubat Avenue, 10 Pa. Superior Ct. 27; Gowen v. Glaser, 2 Sadler's Sup. Ct. Cases, 250.

There is nothing in the context to aid the appellant's construction of the words " their children " in the beneficiary clause of the insurance policy. Nor are any circumstances shown which it may be inferred would have been likely to influence the insured to prefer one set of his children over the other. The suggestion that naturally he would be concerned especially for the children of his second wife, because they were younger, would not be without force, if there were any evidence that at the time he took the policy the children by his first wife were not dependent members of his household, or that they were adults, or that all of them had reached an age when it might be presumed they were self-supporting or soon would become so. But the record contains no evidence of that kind, and there is no ground for surmise even, that there was such a difference between the ages of his youngest children by his first wife and the age of his oldest child by his second wife as would naturally incline him to discriminate in favor of the latter. There is also a total absence of evidence that at the time the policy was issued the children of his first wife owned any property in their own right, or

that the insured had made, or had the ability to make, any other provision for them; and it is not asserted that he left a will providing for such disposition of his property as would equalize them with his other children if the appellant's construction of the beneficiary clause be adopted. In short, there is nothing in the context, or in the circumstances under which the policy was taken, or in the subsequent conduct of the insured to aid the appellant's contention that the insured intended to exclude his children by his first wife. It must be sustained, if at all, because that is the absolute meaning of the words used in the beneficiary clause. But the words " their children " may be used in one connection to designate the children having a common parentage on both sides and in another connection to designate the children of the husband and the children of the wife spoken of. Neither law nor common usage has affixed such unvarying meaning to the word " their " as to prevent its appropriate use for the latter purpose. In determining the sense in which they were used in a contract or in a will regard must be had to the subject-matter. Hence in a case cited and analyzed in the opinion filed by the learned judge below, where it appeared that a testator devised land to his son Jacob and Eliza his wife, and directed that it should be " equally divided among their children. at their death," it was held that the children of Jacob by a former wife were included: Luce v. Harris, 79 Pa. 432. Although Justice PAXSON alluded to the fact that the second wife- brought them up as her own, yet it is quite apparent from the opinion as a whole that the decision was put on the ground that there was nothing on the face of the will to indicate any intention on the part of the testator to disinherit the children of his son Jacob by his first wife, nor anything to show that they were not proper objects of the testator's bounty. " When the testator provides that ' the land given to Jacob and wife shall be equally divided among their children at their death', he evidently intended to include the children of Jacob by his first wife, who were also the stepchildren of his second wife. In order to confine the generality of the words ' their children,' to those born of the second marriage and thus disinherit those born of the first marriage, such intention must clearly appear from the face of the will.

It must be manifest by its express terms, or by necessary implication. Neither exists in this case." We agree with the learned judge below that this case goes far toward ruling the question for decision here, but even if it does not conclusively rule the case at bar it is authority, and a very strong one, for the proposition that the words "their children" have no such fixed and unvarying meaning as to compel the conclusion that the insured intended to exclude his children by his first wife. Stigler's Executrix v. Stigler, 77 Va. 163 which involved the construction of a life insurance policy "for the benefit of his wife and their children" may be cited for the same purpose. So in Koehler v. Centennial Mut. Life Insurance Co., 66 Iowa, 325 (23 N. W. Repr. 687),where the policy provided that the proceeds should "be paid to his wife, Malien Koehler, and children" the construction was adopted which would include the children of the insured by a former marriage. To the same effect is McDermott v. Centennial Mut. Life Insurance Co., 24 Mo. App. 73. Dorin v. Dorin, L. R. 7 H. L. 568, is cited by the appellant's counsel as ruling that a gift by will to "my wife and her children" included only "her children to the testator." That is quite different from restricting the generality of the language used by a donor in a provision for his children so as to exclude part of them. So in Holsen v. Rockhouse, 83 Ky. 253 it was held that a power of appointment "among our children" given by will to the testator's wife did not include her children by a former husband, but the reasoning of the decision renders it by no means certain that the court would have construed the clause so as to exclude the testator's children by a former wife. Evans v. Opperman, 76 Texas, 293 (13 S. W. Repr. 312), gives more support to the appellant's position than any of the other cases cited by his counsel, but that also is easily distinguishable from the case at bar. In a doubtful case the courts favor that construction of a will which, consistently with the words of the instrument, will result in a distribution in conformity to the general rules of inheritance, rather than one which will disinherit an heir at law: Hauer's Est., 16 Pa. Superior Ct. 257. In such case, it has been said, "the heir has the advantage, of those claiming equality among children:" Malone v. Dobbins, 23 Pa. 296. A policy of life insurance, although

not a testament, is, like the provisions of a will, to be liberally construed in favor of the ones who may naturally be presumed to have been the special objects of bounty : McNally v. Metropolitan Life Insurance Co., 16 Pa. Superior Ct. 111, and cases there cited.    See also Scull v. Ætna Life Insurance Co., 132 N. C. 30 (43 S. E. Repr. 504), 60 L. R. A. 615.    Here the insured, in making a provision to take effect upon his death for those dependent upon him, used words, which, without violence to the sense in which they are commonly used, may be construed to include all those coming equally within the reason of the provision, and there is nothing in the context or in the extraneous circumstances from which the intention to exclude any may be safely inferred.    He must have known that his words were susceptible of this construction, and therefore it may be safely assumed that if he had intended to restrict the benefits of his provision to his children by his second wife he would have been careful not to choose words that were easily susceptible of a broader construction.    It may be said that unless the generality of the word " their " be confined by construction, the child of the widow by her former husband would be let in on the same plane with the donor's own children.    We need not discuss that question because she has disavowed the right to claim ; we remark, however, that there is much force in the suggestion of the appellees' counsel, that it is a more natural construction to include the second wife's child by her first husband than to exclude the husband's children by his first wife.

Upon a full consideration of the case from every standpoint we are of opinion that the court was clearly right in holding that the latter class of children were not intended by the insured to be excluded from the benefits of the provision that he made for those dependent upon him.

Decree affirmed and appeal dismissed at the costs of the appellant.