### Alexander *v.* Hamilton, Appellant.

*Arbitration—Referee's findings of fact—Review.*

The findings of fact of a referee appointed under the Act of May 14, 1874, P. L. 166, will not be reversed where there is no fraud or manifest error, and the findings are based upon the consideration and the weighing of conflicting oral testimony, and have been approved by the court below.

Argued May 16, 1906. Appeal, No. 157, April T., 1906, by defendant, from order of C. P. Lawrence Co., March T., 1902, No. 60, dismissing exceptions to report of referee in case of Charles G. Alexander v. E. M. Hamilton. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of referee.

The opinion of the Superior Court states the case.

*Error assigned* was order of the court dismissing exceptions to referee's report.

190     ALEXANDER v. HAMILTON, Appellant.

Counsel for Parties—Opinion of the Court.   [31 Pa. Superior Ct.

*H. K. Gregory*, of *Gregory & Hickey*, for appellant.

*B. A. Winternitz*, for appellee.

PER CURIAM, June 30, 1906 :

This is an appeal from a judgment based on the report of a referee appointed under the Act of May 14, 1874, P. L. 166, exceptions to which report were filed by both parties and overruled by the court.

It appears from the pleadings that the case involved the settlement and adjustment of mutual accounts of continuous business dealings between plaintiff and defendant, for a period of nearly three years, and including numerous transactions more or less complicated. And it is apparent from the evidence that the case was tried upon the theory that it was to be a final accounting between them. Indeed, it was, by mutual agreement, withdrawn from the jury, after being partly tried, and submitted to a referee, because it was considered by court and counsel that this was the best way to reach a just decision. These preliminary remarks are pertinent to the objection raised by the second assignment of error to the allowance to the plaintiff of a credit of $28.50 for a well drilled by him on lot number five. There was evidence sufficient to support a finding that the plaintiff was entitled to a credit of that amount for drilling a well, and the evidence was received without objection to its relevancy. In the plaintiff's statement a credit of the same amount for drilling a well was claimed, but not on lot number five. It is argued that this credit thus claimed was allowed in another part of the report. It does not clearly and satisfactorily appear, however, from our examination of the evidence and comparison of the same with the report, that the plaintiff was allowed by the referee credit for drilling two wells; therefore, we are unable to say that there is such substantial variance between the pleadings and the referee's findings as would be ground for sustaining the assignment, especially in view of the manner in which the case was tried, and of the considerations suggested in our preliminary remarks. See Lehman v. Lehman, 29 Pa. Superior Ct. 60, at p. 65, and cases there cited.

The remaining assignments of error, excepting the first which

was withdrawn at bar, relate to the defendant's claim that the plaintiff should be charged with the $140 referred to in a due-bill given by plaintiff to J. L. Hamilton & Son. The reasons for rejecting this claim are very clearly stated by the referee and need not be repeated here. It is a rather complicated matter and no good purpose would be served by attempting to recite all the details of the transaction. It is enough for present purposes to say, that the appellant contends that the interest of J. H. Hamilton in the account alleged to be represented by this due bill passed to him under the assignment made by the administrator of the estate of J. L. Hamilton, deceased, and that this account was adjusted in a settlement made between the appellant and appellee. The counsel for the appellant then undertake to show how it was adjusted, and in doing so make it quite apparent that their allegation depends to a considerable extent upon oral testimony and not alone upon documentary evidence. It is also clear that this allegation of an adjustment of this matter in the manner claimed by the appellant was disputed by the appellee; in other words, the testimony was to a considerable extent conflicting. After a thorough examination of all the testimony, oral and documentary, bearing upon the question, which has been brought up and printed, we are all of opinion that the referee's finding should not be disturbed. The rule upon the subject of the conclusiveness of the findings of a referee upon questions of fact, especially where they have been approved by the court below, has been stated in many ways but generally to the same effect. In Bradlee v. Whitney, 108 Pa. 362, it was said by CLARKE, J.: "It has been frequently held in this court that a writ of error in such case brings up only questions of law. The court cannot go behind the findings of fact by the referee, except where the assignment of error is such as could be heard and determined if the trial had been according to the course of the common-law before a jury. . . . If the evidence is relevant and proper, and the findings of fact are reasonably inferable therefrom, we must, in the absence of fraud, accept the report as correct. We cannot consider the weight or the conflict of the evidence, or the veracity of the witnesses; this is the proper office of the referee, who performs the double function of court and jury." This statement of the rule has been approved in many cases.

True, it has been suggested that when the findings of the referee are mere deductions from undisputed facts the rule above stated does not apply. We need not discuss this exception to the general rule, if there be such exception, because the referee's findings of fact, upon which his final conclusion as to the last item is based, are not merely deductions from other facts, but involve the consideration and weighing of oral testimony which was not free from conflict. Upon a full review of the whole case we find no substantial and meritorious ground upon which a reversal could be based.

All the assignments of error are overruled and the judgment affirmed.